[646 NYS2d 464]

In the Matter of ALAN R. GOLKIN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 12, 1996

## APPEARANCES OF COUNSEL

*Gerard M. LaRusso,* Buffalo *(Vincent L. Scarsella* of counsel), for petitioner.

*Terrence M. Connors,* Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on September 16, 1970, and formerly maintained an office in Niagara Falls. On February 2, 1996, respondent was suspended

from practice pursuant to 22 NYCRR 1022.19 (f) (2) (i) (a) on the ground that there was uncontroverted evidence that he was guilty of misconduct immediately threatening the public interest and on the further ground that he failed to respond to a judicial subpoena duces tecum (*see, Matter of Golkin*, 218 AD2d 375). The Grievance Committee has now filed a petition charging respondent with four counts of misconduct based on his conversion of client funds and seeking an order granting restitution of those funds. The petition alleges that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit and misrepresentation;

DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 9-102 (A) (22 NYCRR 1200.46 [a])—commingling client funds with his own;

DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1])—misappropriating and converting the funds of his client; and

DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay promptly to a client, as requested by the client, funds in his possession that the client is entitled to receive.

Respondent failed either to answer the charges or to appear on the return date of the petition. His default constitutes an admission of the allegations contained in the petition and demonstrates an indifference to the consequences of an adverse determination (*see, Matter of Schweitzer*, 189 AD2d 61; *Matter of Coughlin*, 188 AD2d 1; *Matter of Supples*, 102 AD2d 699).

Accordingly, we conclude that respondent should be disbarred, and we direct restitution in the amount specified in the petition.

PINE, J. P., LAWTON, BALIO, DAVIS and BOEHM, JJ., concur.

Order of disbarment entered.