[— NYS2d —]

In the Matter of PATRICK T. WEDLOCK, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 25, 1997

APPEARANCES OF COUNSEL

*Gerard R. LaRusso,* Syracuse *(Anthony J. Gigliotti* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by the Ap-

pellate Division, Third Department, on June 24, 1986. He maintained an office in Rome until June 1996, when he moved to Mississippi. The Grievance Committee filed and served a petition charging respondent with 12 counts of misconduct. The petition alleges that respondent was retained by various clients to perform legal services that he failed to perform, failed to return the retainer fees and advance payments for disbursements and failed to cooperate with the investigation of the Grievance Committee. The petition alleges that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 2-110 (A) (2) (22 NYCRR 1200.15 [a] [2])—withdrawing from employment without taking steps to the extent reasonably practicable to avoid foreseeable prejudice to the rights of his client;

DR 2-110 (A) (3) (22 NYCRR 1200.15 [a] [3])—failing to refund promptly any part of a fee paid in advance that has not been earned;

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—neglecting legal matters entrusted to him;

DR 7-101 (A) (1) and (2) (22 NYCRR 1200.32 [a] [1], [2])—failing to seek the lawful objectives of clients through reasonably available means permitted by law and the Disciplinary Rules and failing to carry out a contract of employment entered into with a client for professional services; and

DR 9-102 (A) and (B) (22 NYCRR 1200.46 [a], [b])—commingling client funds with his own and failing to identify, preserve and maintain client funds.

Respondent is also charged with failing to register biennially as an attorney and to pay the biennial registration fees in violation of Judiciary Law § 468-a and 22 NYCRR 118.1. The Grievance Committee seeks restitution of the unearned retainer fees and the amounts advanced by respondent's clients for disbursements.

Respondent failed either to answer the charges or to appear on the return date of the petition. His default constitutes an admission of the allegations in the petition and demonstrates an indifference to the consequences of an adverse determina-

tion (*see, Matter of Golkin,* 223 AD2d 50; *Matter of Schweitzer,* 189 AD2d 61; *Matter of Coughlin,* 188 AD2d 1; *Matter of Supples,* 102 AD2d 699). Accordingly, we conclude that respondent should be disbarred, and we direct the entry of an order of restitution in the amount specified in the petition.

DENMAN, P. J., GREEN, PINE, FALLON and CALLAHAN, JJ., concur.

Order of disbarment entered.