bargained-for sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.

 In the Matter of EDWARD S. REICH, an Attorney, Respondent. [804 NYS2d 284]—Order of suspension entered pursuant to Judiciary Law § 90 (4) (f) and (g). Present—Green, J.P., Scudder, Gorski, Pine and Hayes, JJ.

 In the Matter of KAREN E. MEINZER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner. [803 NYS2d 475]—Order entered granting motion for default. Same memorandum as in *Matter of Meinzer* (23 AD3d 1158 [2005]). Present—Green, J.P., Scudder, Gorski, Pine and Hayes, JJ.

 In the Matter of DAVID R. WENDT, a Suspended Attorney, Resignor. [807 NYS2d 320]—Resignation accepted, name stricken from roll of attorneys and order of restitution entered. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Martoche and Lawton, JJ.

 In the Matter of RENE F. HENSEL, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner. [804 NYS2d 284]—Order of suspension entered. Present—Green, J.P., Scudder, Gorski, Pine and Hayes, JJ.

 In the Matter of KAREN E. MEINZER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner. [803 NYS2d 475]—Order of disbarment entered. Memorandum: Respondent's unexcused failure to appear or answer the petition constitutes a default (*see Matter of Wedlock*, 230 AD2d 422 [1997]; *see also Matter of Frank*, 9 AD3d 916 [2004]; *Matter of Cary*, 7 AD3d 24 [2004]; *Matter of Gaesser*, 6 AD3d 1246 [2004]). Present—Green, J.P., Scudder, Gorski, Pine and Hayes, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SHEGOG, Appellant. [807 NYS2d 764]—Motion for writ of error coram nobis granted. Memorandum: Defendant contends that he was denied effective assistance of appellate counsel because counsel failed to raise an issue on direct appeal that would have resulted in reversal, specifically, that trial counsel took an adverse position to defendant's pro se CPL 330.30 motion. Upon our review of the trial court proceedings, we conclude that the issue may have merit. Therefore, the order of November 15, 1989 is vacated and this Court will consider the appeal de novo (*see People v Vasquez*, 70 NY2d 1 [1987], *rearg denied* 70 NY2d 748 [1987];