[893 NYS2d 773]

In the Matter of ALLAN J. GREEN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 11, 2010

**APPEARANCES OF COUNSEL**

*Gregory J. Huether, Chief Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Allan J. Green,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on July 17, 1997, and formerly maintained an office for the practice of law in Syracuse. On October 19, 2009, he was convicted upon a jury verdict of two counts of criminal contempt in the second degree (Penal Law § 215.50 [3]), a serious crime pursuant to Judiciary Law § 90 (4) (d). The charges arose from his contact with a former girlfriend in violation of an order of protection. Respondent was sentenced to a one-year conditional discharge on each count, to run concurrently, and a term of imprisonment of 30 days, with credit for time served. In addition, he was ordered to pay a fine of $200. This Court, upon receipt of proof of the conviction, suspended respondent from the practice of law by order entered October 29, 2009 (67 AD3d 1457 [2009]), and directed him to appear and show cause why a final order of discipline should not be made. Respondent was personally served with the order of this Court on November 6, 2009. Respondent failed to file papers in response to the order to show cause, and he failed to appear before this Court on the return date.

Prior to the entry of a final order in that matter, the Grievance Committee filed a petition charging respondent with acts of misconduct based upon the facts underlying his conviction as well as other acts of misconduct that included failing to maintain a current attorney registration, failing to respond to requests for information from a client in a criminal matter, and changing his residence without leaving any forwarding information that would enable clients, opposing counsel or the courts to contact him. Respondent was personally served with the petition on November 6, 2009. He failed to file an answer to the petition or appear before this Court on December 8, 2009, the return date of the petition.

By order entered December 10, 2009, we directed respondent to appear before this Court on January 26, 2010, and show cause why a final order of discipline should not be made. Respondent was personally served with the order on January 8, 2010. Respondent failed to appear in response to the order to show cause. We, therefore, find respondent in default and deem the allegations in the petition to be admitted (*see Matter of Fineberg,* 28 AD3d 48 [2006]).

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer; and

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in any other conduct that adversely reflects on his fitness as a lawyer.

We further conclude that respondent violated the following Rules of Professional Conduct, effective April 1, 2009:

Rule 1.3 (b) (22 NYCRR 1200.0)—neglecting a legal matter entrusted to him;

Rule 1.4 (a) (4) (22 NYCRR 1200.0)—failing to comply promptly with a client's reasonable requests for information; and

Rule 8.4 (h) (22 NYCRR 1200.0)—engaging in any other conduct that adversely reflects on his fitness as a lawyer.

Additionally, respondent violated Judiciary Law § 468-a and 22 NYCRR 118.1 by failing to comply with attorney registration requirements.

Respondent has committed serious misconduct, including the conduct that resulted in his conviction of a serious crime. Accordingly, we conclude that respondent should be disbarred.

SCUDDER, P.J., FAHEY, CARNI, GREEN and PINE, JJ., concur.

Order of disbarment entered.