[918 NYS2d 917]

In the Matter of ROGER J. NIEMEL, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 25, 2011

**APPEARANCES OF COUNSEL**

*Roderick Quebral, Principal Counsel Eighth Judicial District Grievance Committee,* for petitioner.

*Roger J. Niemel,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on December 6, 1967, and formerly maintained an office for the practice of law in North Tonawanda. The Grievance Committee filed a petition returnable on December 7, 2010, charging respondent with acts of misconduct including misappropriating and failing to maintain client funds. Respondent accepted service of the petition on November 3, 2010. He failed to file an answer to the petition or to appear before this Court on the return date thereof.

By order entered December 10, 2010, which was personally served on respondent on January 15, 2011, we directed respondent to appear and show cause why he should not be suspended for his failure to file an answer to the petition or to appear on its return date. Prior to the return date of the order to show cause, the Grievance Committee moved for an order finding respondent in default, deeming the allegations in the petition to be admitted and imposing discipline upon respondent. We reserved decision on the motion. Respondent failed to appear on the return date of the order to show cause and, by order entered January 27, 2011, we suspended respondent and directed him to appear and show cause on March 8, 2011 why a final order of discipline should not be entered. Although respondent accepted service of that order to show cause on February 4, 2011, he failed to appear in response thereto. We therefore grant the motion of the Grievance Committee seeking inter alia, to find respondent in default and to deem the allegations in the petition to be admitted (*see Matter of Green,* 72 AD3d 142 [2010]; *see also Matter of Wedlock,* 230 AD2d 422, 423-424 [1997]).

We conclude that respondent violated the following Rules of Professional Conduct:

rule 1.3 (a) (22 NYCRR 1200.0)—failing to act with reasonable diligence and promptness in representing a client;

rule 1.3 (b) (22 NYCRR 1200.0)—neglecting a legal matter entrusted to him;

rule 1.4 (a) (1) (iii); (3), (4) (22 NYCRR 1200.0)—failing in a prompt manner to inform a client of material developments in a matter; failing to keep a client reasonably informed about the status of a matter; and failing in a prompt manner to comply with a client's reasonable requests for information;

rule 1.15 (a) (22 NYCRR 1200.0)—misappropriating funds in his possession incident to his practice of law that were entrusted to him as a fiduciary and commingling such funds with his own funds;

rule 1.15 (b) (22 NYCRR 1200.0)—failing to maintain client funds in a special account separate from his business or personal accounts;

rule 1.15 (d) (22 NYCRR 1200.0)—failing to maintain a record for special accounts, showing the source of all funds deposited in such accounts, the names of all persons for whom the funds are or were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed;

rule 1.15 (i), (j) (22 NYCRR 1200.0)—failing to make available to the Grievance Committee financial records required by the rules to be maintained, rendering him subject to disciplinary proceedings;

rule 8.4 (c) (22 NYCRR 1200.0)—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

rule 8.4 (d) (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice; and

rule 8.4 (h) (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer.

Additionally, respondent violated 22 NYCRR 1400.2 by failing to render to a client in a domestic relations matter written, itemized bills at 60-day intervals.

Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be disbarred for his misconduct. Additionally, we direct respondent to pay restitution in the amount set forth in the order entered herewith.

SMITH, J.P., FAHEY, CARNI, SCONIERS and GORSKI, JJ., concur.

Order of disbarment entered.