OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law by the Appellate Division, Second Department on September 13, 1978, and formerly maintained an office in Rochester. By order entered October 7, 2011, respondent was suspended for a period of two years and until further order of this Court for misconduct that included misappropriating client funds and entering into improper loan agreements with two clients in order to conceal the misappropriation (Matter of Cohen, 89 AD3d 142 [2011]). Respondent remains suspended.
The Grievance Committee filed a petition charging respondent with acts of misconduct arising from client matters for which respondent had been retained prior to his suspension. The alleged misconduct includes misappropriating client funds and arranging for an improper loan from a client to respondent’s spouse in the amount of $80,000. The Grievance Committee seeks an order directing respondent to make restitution to 51 former clients in the total amount of $166,984.32.
Respondent was personally served with the petition in Florida on September 12, 2012. He failed to file an answer to the petition or to appear before this Court on the return date thereof. By order entered October 24, 2012, this Court directed respondent to appear on December 4, 2012, and to show cause why a final order of discipline should not be entered. Although respondent was served with a copy of the show cause order on November 9, 2012, he failed to file a response thereto or to ap *66 pear on the return date thereof. On December 3, 2012, however, the Clerk of this Court received a letter from respondent’s spouse wherein she stated that respondent was incapable of appearing before the Court due to certain medical conditions. Notably, respondent did not contact the Court directly and no medical proof was submitted in support of the statement that respondent was unable to appear on the return date of the order to show cause. In addition, respondent has not filed with this Court a motion for an extension of time to file an answer to the petition or otherwise sought an adjournment of the return date of the pending order to show cause. We therefore find respondent in default and deem the allegations in the petition to be admitted (see Matter of Green, 72 AD3d 142, 143 [2010]).
Respondent admits that, in July 2011, his spouse was a full-time employee of his law firm. Respondent further admits that, on July 20, 2011, he disbursed to his spouse from his attorney trust account funds in the amount of $80,000 that belonged to a client who respondent knew was gravely ill. The client died on August 11, 2011, and respondent admits that, during the Grievance Committee’s subsequent investigation of the matter, respondent presented to the Grievance Committee a copy of a loan agreement, dated July 20, 2011, setting forth the terms of a purported loan in the amount of $80,000 from the client to respondent’s spouse. Those terms required respondent’s spouse to pay to the client, beginning in August 2011 and continuing for a term of 60 months, equal monthly installments in the amount of $1,719.51. Respondent further admits that his spouse has not repaid any portion of the purported loan and has contested a proceeding commenced by the estate of respondent’s former client seeking to recover the amounts owed pursuant to the purported loan agreement.
In addition, respondent admits that he advised the Grievance Committee that he drafted the loan documents and simultaneously represented his spouse and the client in connection with the purported loan, without disclosing to the client respondent’s inherent conflict of interest with respect to the transaction or advising the client to seek independent counsel. Respondent additionally admits that he failed to disclose to the client numerous material and relevant facts regarding the transaction, including that, at the time the purported loan was made, respondent was the subject of disciplinary proceedings wherein it was alleged that he had converted approximately $65,000 from a client who was elderly and in poor health. In addition, *67 respondent admits that he failed to disclose to his client that respondent and his spouse were the subject of two federal tax liens in the total amount of $32,584.71 and two state tax judgments in the total amount of $53,271.40; they owed between $30,000 to $50,000 in credit card debt that respondent had previously characterized as “uncollectible”; and the home in which respondent and his spouse were residing was the subject of a foreclosure proceeding.
With respect to numerous other client matters, respondent admits that, at the time he was suspended from the practice of law in October 2011, he had over 50 active clients who had paid him funds in the total amount of $76,984.32 for anticipated legal fees and expenses in relation to their legal matters. Respondent admits that he misappropriated those funds when, at the conclusion of respondent’s representation of those clients, he failed to refund to his clients any unearned fees and funds that had been entrusted to him for expenses. Respondent further admits that, with respect to two additional client matters, he was entrusted with funds in the total amount of $10,000 that he misappropriated when he failed to pay the funds to the clients who were entitled to receive them. Respondent additionally admits that, with respect to several client matters, he charged or collected a nonrefundable retainer fee in the amount of $400. Finally, respondent admits that he failed to produce to the Grievance Committee required records relating to his transactions involving client funds.
We conclude that respondent has violated the following Rules of Professional Conduct:
rule 1.5 (d) (4) (22 NYCRR 1200.0)—entering into an arrangement for, charging or collecting a nonrefundable retainer fee;
rule 1.7 (a) (22 NYCRR 1200.0)—representing multiple clients with differing interests without disclosing the implications of the simultaneous representation and obtaining from each affected client informed consent to the representation, confirmed in writing;
rule 1.8 (a) (22 NYCRR 1200.0)—entering into a business transaction with a client if they have differing interests therein and if the client expects him to exercise professional judgment therein for the protection of the client unless the transaction is fair and reasonable to the client, the terms of the transaction are fully disclosed to the client in writing, the client is advised in writing of the desirability of seeking the advice of independent legal counsel on the transaction and is given the op *68 portunity to do so, and the client gives informed consent in writing to the terms of the transaction and the lawyer’s role in the transaction;
rule 1.15 (a) (22 NYCRR 1200.0)—misappropriating client funds;
rule 1.15 (b) (1) (22 NYCRR 1200.0)—failing to maintain client funds in a special account separate from his business or personal accounts;
rule 1.15 (c) (4) (22 NYCRR 1200.0)—failing to pay or deliver to a client in a prompt manner as requested by the client the funds, securities or other properties in his possession that the client is entitled to receive;
rule 1.15 (i) (22 NYCRR 1200.0)—failing to make available to the Grievance Committee financial records required by the rules to be maintained;
rule 1.16 (e) (22 NYCRR 1200.0)—failing to refund promptly any part of a fee paid in advance that has not been earned;
rule 8.4 (c) (22 NYCRR 1200.0)—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;
rule 8.4 (d) (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h) (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer.
We have considered, in determining an appropriate sanction, respondent’s substantial disciplinary history, which includes eight letters of caution and the above-referenced suspension from the practice of law. We have additionally considered that respondent has engaged in willful misconduct and deceit for personal gain over an extended period of time, resulting in serious harm to numerous clients. Furthermore, respondent’s failure to respond to the charges contained in the pending petition and his failure to appear in response to the order to show cause entered by this Court demonstrate a total disregard for his fate as an attorney and his professional obligations to his former clients. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be disbarred.
In addition, we grant the request of the Grievance Committee for an order, pursuant to Judiciary Law § 90 (6-a), directing respondent to make restitution to 51 former clients in the total amount of $166,984.32. The allegations in the petition, which the Court has deemed admitted by respondent, establish that respondent wilfully misappropriated from those clients funds in the amounts set forth in the petition.
*69 Smith, J.P, Fahey, Carni, Sconiers and Valentino, JJ., concur.
Order of disbarment entered.