(September 25, 2002)

■ In the Matter of KEVIN P. WHEATLEY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [747 NYS2d 853] —Per Curiam.

Respondent has not answered or otherwise replied to a petition of charges or to petitioner's subsequent motion for a default judgment, both of which were personally served upon him. Under the circumstances, respondent is deemed to have admitted the charges and we grant petitioner's motion (*see e.g. Matter of Petrolawicz*, 228 AD2d 1005). Further, based on such admission and the proof submitted by petitioner in support of its motion, we find respondent guilty of the charged misconduct.

Respondent neglected numerous legal matters, including failing to appear at scheduled court conferences and failing to comply with a court order, in violation of this Court's attorney disciplinary rules (*see* 22 NYCRR 1200.30 [a] [3]). Respondent also engaged in misleading and deceiving conduct by hiding files he neglected and advising his employer that he was working on them and by serving a verified complaint in a divorce matter which contained an index number and a filing date when, in fact, he had not obtained an index number and had not filed the complaint (*see* 22 NYCRR 1200.3 [a] [4], [5]). He further engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation by, when he left the employment of the Saratoga County law firm, taking various checks with him that had been forwarded to him by clients or others and secreting them in his desk at the Albany County law firm which next employed him and thereafter knowingly failing to return said property to his clients or prior employer (*see* 22 NYCRR 1200.3 [a] [5]; 1200.46 [a], [c]). Additionally, respondent engaged in

misleading conduct by falsely representing the status of a case to a court, falsely advising clients as to the status of their cases, and falsely stating on an application for unemployment insurance benefits that the Albany County law firm had terminated his employment for lack of work when he was actually terminated for misconduct (*see* 22 NYCRR 1200.3 [a] [4], [5]).

Respondent has engaged in a pattern of very serious professional misconduct to the detriment of his clients, the law firms he worked for, and the courts in which he practiced. His failure to answer the petition or appear on petitioner's motion for a default judgment evince his disregard for his fate as an attorney. Under the circumstances presented, and to protect the public from an attorney not attending to his professional obligations, we conclude that respondent should be disbarred.

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney and counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).