839 A.2d 849

IN THE MATTER OF JOSEPH POVEROMO, AN ATTORNEY
AT LAW (ATTORNEY NO. 034721988).

October 2, 2003.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 03–125, concluding that **JOSEPH POVEROMO** of **HACKENSACK**, who was admitted to the bar of this State in 1988, and who currently is suspended from practice for a period of three months pursuant to the Court's Order filed on June 25, 2003, should be suspended from the practice of law for a further period of three months for violating *RPC* 8.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3(lack of diligence), *RPC* 1.4(a) (failure to communicate with client), *RPC* 1.16(d) (failure to take steps reasonably practicable to protect client's interests on termination of representation), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities) and *RPC* 8.4(a) (violating the Rules of Professional Conduct);

And the Disciplinary Review Board having determined that the term of suspension should be consecutive to the three-month period of suspension ordered by the Court on June 25, 2003;

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should submit proof to the Office of Attorney Ethics that he has refunded the unearned retainer in the *Botsacos* matter;

And good cause appearing;

It is ORDERED that **JOSEPH POVEROMO** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective September 25, 2003; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof to the Office of Attorney Ethics that he has

returned the unearned retainer paid to him by the grievant in the *Botsacos* matter, and it is further

ORDERED that respondent remain suspended from practice until the conclusion of all ethics matters pending against him, as ordered by the Court on June 25, 2003; and it is further

ORDERED that respondent continue to be restrained and enjoined from practicing law during the period of suspension and that respondent continue to comply with *Rule* 1:20–20; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.