■ In the Matter of JOSEPH E. POVEROMO, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [770 NYS2d 665]—

Per Curiam. Respondent was admitted to practice by this Court in 1989. He maintained an office for the practice of law in New Jersey, where he was admitted to practice in 1988. He is currently suspended from practice in New Jersey (*see In re Poveromo*, 178 NJ 262, 839 A2d 849 [2003]; *In re Poveromo*, 176 NJ 508, 825 A2d 1137 [2003]).

Respondent has not answered or otherwise replied to a petition of charges or to petitioner's subsequent motion for a default

judgment, both of which were served on him by mail at his last known address in New Jersey. Under the circumstances, respondent is deemed to have admitted the charges and we grant petitioner's motion (*see e.g. Matter of Wheatley*, 297 AD2d 872 [2002]). Further, based on such admission and the proof submitted by petitioner in support of its motion, we find respondent guilty of the charged misconduct.

Charge I sets forth respondent's disciplinary history in New Jersey, which includes a three-month suspension imposed in June 2003 (*see In re Poveromo*, 176 NJ 508, 825 A2d 1137 [2003], *supra*), another three-month suspension imposed in October 2003 to run consecutively to the first suspension (*see In re Poveromo*, 178 NJ 262, 839 A2d 849 [2003], *supra*) and three reprimands by the New Jersey Supreme Court in 2002 and 2003. In addition, respondent has been deemed ineligible to practice law in New Jersey since September 24, 2001, for failing to pay annual assessments to the New Jersey Lawyers' Fund for Client Protection. Charge II states that respondent failed to file with this Court copies of the New Jersey disciplinary orders as required (*see* 22 NYCRR 806.19 [b]). Charge III states that respondent was convicted in New Jersey in 2002 of criminal contempt in the fourth degree as a result of his violation of a restraining order in a domestic relations matter and that he failed to file with this Court a certificate of the conviction as required (*see* Judiciary Law § 90 [4] [c]). One of respondent's reprimands in New Jersey was based on the conviction. As set forth in the petition, respondent has also failed to comply with the attorney registration requirements since 1991 (*see* Judiciary Law § 468-a; 22 NYCRR 118.1) and failed to respond to a notice from petitioner requesting proof of compliance with the requirements. The petition alleges that, by such conduct, respondent violated the attorney disciplinary rules (*see* Code of Professional Responsibility DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]).

Respondent has engaged in a very serious pattern of professional misconduct which we conclude warrants his suspension from practice in this state for a period of five years. We note that his defaults in the disciplinary proceedings in New Jersey and in this state, as well as his failure to comply with the attorney registration requirements since 1991, demonstrate a decided lack of regard for his fate as an attorney.

Mercure, J.P., Crew III, Spain, Lahtinen and Kane, JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the peti-

tion; and it is further ordered that respondent is suspended from practice for a period of five years, effective immediately, and until further order of this Court; and it is further ordered that respondent, while so suspended from practice, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney and counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).