■ In the Matter of JOSEPH E. POVEROMO, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [795 NYS2d 784]—

Per Curiam. Respondent was admitted to practice by this Court in 1989. He maintained an office for the practice of law in New Jersey, where he was admitted to practice in 1988.

By order filed January 6, 2005 (*In re Poveromo*, 182 NJ 206, 863 A2d 363 [2005]), the Supreme Court of New Jersey disbarred respondent. The court based its decision on a report of its Disciplinary Review Board that respondent was guilty of gross neglect, pattern of neglect, lack of diligence, failure to communicate with a client, failure to protect a client's interest upon termination of representation, failure to refund to a client an unearned fee, failure to expedite litigation, and failure to reply to a lawful demand for information from a disciplinary authority. The court also noted respondent's failure to appear in the disciplinary matter.

Petitioner moves for an order imposing reciprocal discipline (*see* 22 NYCRR 806.19). Respondent has not appeared in reply to the motion. In view of respondent's default, we grant petitioner's motion.

Further, considering respondent's five-year suspension imposed by this Court in January 2004 (*Matter of Poveromo*, 3 AD3d 734 [2004]), based in part on his lengthy disciplinary record in New Jersey (*id.*), and his continuing pattern of professional misconduct and lack of regard for his fate as an attorney, we conclude that respondent should be reciprocally disbarred.

Mercure, J.P., Crew III, Spain, Lahtinen and Kane, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney and counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application or any advice in relation thereto; and it is further ordered that respondent shall comply with the provi-

sions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).