■ In the Matter of PAUL S. HUDSON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [924 NYS2d 302]—

Per Curiam. Respondent was admitted to practice in 1976 by

this Court. He maintains an office for the practice of law in Florida.

Petitioner charges that respondent engaged in fraudulent conduct prejudicial to the administration of justice adversely reflecting on his fitness as a lawyer by making false statements under oath in documents submitted to the United States Bankruptcy Court for the Northern District of New York and by falsely accusing a Bankruptcy Court Judge of altering pleadings, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) and DR 8-102 (b) (22 NYCRR 1200.3 [a] [4], [5], [7]; 1200.43 [b]; *see* Rules of Professional Conduct [22 NYCRR 1200.0] rules 8.2 [a]; 8.4 [c], [d], [h]).\* Respondent filed an answer denying the charge as well as portions of the six specifications. Petitioner then moved for an order declaring that no factual issues are raised and fixing a time at which respondent may be heard in mitigation or otherwise (*see* 22 NYCRR 806.5). Petitioner relied upon the doctrine of collateral estoppel. Respondent opposed the motion and sought a hearing.

By decision dated August 21, 2001, Bankruptcy Court concluded that respondent knowingly omitted material information from his Statement of Financial Affairs. Bankruptcy Court reaffirmed these findings in its decisions dated December 30, 2005 and November 17, 2009. By decision dated September 25, 2008, Bankruptcy Court found that respondent knowingly falsely accused the Bankruptcy Court Judge of altering a pleading to respondent's detriment. The decision required respondent to show cause why sanctions should not be imposed. Thereafter, Bankruptcy Court, rather than impose a monetary sanction, referred the matter to petitioner for whatever action it deemed appropriate. The instant charges followed. The March 10, 2011 appellate decisions by the District Court in these matters are not to the contrary (*Matter of Hudson*, 2011 WL 867989, 2011 US Dist LEXIS 24445 [ND NY 2011]; *Hudson v Harris*, 2011 WL 867024, 2011 US Dist LEXIS 24544 [ND NY 2011]).

By confidential decision dated February 17, 2011, we concluded that petitioner had met its burden of showing that the Bankruptcy Court's findings will sustain the charge of professional misconduct, that respondent had not met his burden of showing that he did not have a full and fair opportunity to litigate those findings, and that respondent's other arguments were not persuasive. Accordingly, we found that the doctrine of collateral estoppel is properly applied in this proceeding and we granted petitioner's motion. We further found respondent guilty

---

\* The alleged professional misconduct occurred prior to the April 1, 2009, effective date of the Rules of Professional Conduct.

of the charged professional misconduct and directed the Clerk of the Court to set a time at which respondent could be heard in mitigation (*see e.g. Matter of Capoccia*, 272 AD2d 838 [2000], *lv dismissed* 95 NY2d 887 [2000]). We have heard respondent in mitigation on his submission of papers and at oral argument.

In determining an appropriate disciplinary sanction, we measure respondent's misconduct against his extremely stressful family circumstances, his lack of adverse prior discipline, his expression of remorse, and his hitherto excellent personal and professional reputation as evidenced by the character affidavits that he has submitted and his public and pro bono contributions to various causes. We conclude that, under all of the particular circumstances presented, respondent should be censured.

Mercure, J.P., Peters, Rose, and McCarthy, JJ., concur. Ordered that respondent is censured.