█ In the Matter of WILLIAM E. MELENDEZ, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [957 NYS2d 740]—

Per Curiam.

Petitioner also moves for an order imposing discipline pursuant to this Court's rules (*see* 22 NYCRR 806.19). This motion is based on respondent's suspension for a period of two years for ethical misconduct involving clients, which was imposed by the United States District Court for the District of Puerto Rico in July 2011 and confirmed by the United States Court of Appeals for the First Circuit in March 2012. The motion is also based on the decision of the Appellate Division, First Department, which, in April 2012, suspended respondent from the practice of law pursuant to Judiciary Law § 90 (2-a) until the First Department is notified by the Superior Court of Puerto Rico in San Juan, or its designate support collection unit, that all child support arrears owed by respondent have been satisfied in full and until further order of the Appellate Division, First Department (*Matter of Melendez*). The First Department's decision was, in turn, based on a January 26, 2011 order of the Superior Court of Puerto Rico finding that respondent had failed to make child support payments for over 36 months and was $90,897.84 in arrears.

Respondent has not answered or otherwise replied to the petition of charges, which was personally served on him, nor has he appeared in reply to the subsequent motion for a default judgment, which was served on him by mail. Under such circumstances, we grant the motion for a default judgment. Further, respondent's failure to answer or appear is tantamount to an admission of the charges. Based on such admission and the

proof submitted by petitioner in support of the default judgment motion, we find respondent guilty of the professional misconduct charged and specified in the petition (*see e.g. Matter of Poveromo*, 3 AD3d 734 [2004]; *Matter of Petrolawicz*, 228 AD2d 1005 [1996]; *Matter of Kove*, 108 AD2d 986 [1985]).

Respondent has failed to reply to or appear on the motion for discipline pursuant to this Court's rules (*see* 22 NYCRR 806.19). Therefore, he has not raised any of the available defenses to such discipline (*see* 22 NYCRR 806.19 [d]). Accordingly, we also grant this motion.

Respondent is guilty of very serious professional misconduct. He exhibited a lack of candor on his application for admission. As we recently stated, candor and the voluntary disclosure of negative information by an applicant are the cornerstones upon which is built the character and fitness investigation of an applicant for admission to the New York State bar (*see Matter of Olivarius*, 94 AD3d 1224 [2012]). Respondent failed to accord petitioner the prompt, full and forthright cooperation to which it is due (*see Matter of Sullivan*, 253 AD2d 999 [1998]). He has been suspended from practice by the United States District Court for the District of Puerto Rico for two years for ethical violations in the representation of clients, by order dated July 21, 2011. That suspension was confirmed in March 2012 by the United States Court of Appeals for the First Circuit. He is in arrears in child support which resulted in his suspension from practice by the Appellate Division, First Department, in April 2012, until such time as he satisfies said arrears which, as of May 2012, amounted to $113,253.84. He has evinced a disinterest in his fate as an attorney by not answering the petition of charges or the subsequent motion for a default judgment and by not responding to the motion for discipline pursuant to section 806.19 of this Court's rules.

Under all of the circumstances presented, we conclude that respondent should be disbarred, to protect the public, deter similar misconduct, and preserve the reputation of the bar.

Mercure, J.P., Rose, Spain, Stein and Egan Jr., JJ., concur. Ordered that petitioner's motion for a default judgment on the petition of charges is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition of charges; and it is further ordered that petitioner's motion for discipline pursuant to this Court's rules is granted (*see* 22 NYCRR 806.19); and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent

is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).