Matter of Graham (2018 NY Slip Op 05987)





Matter of Graham


2018 NY Slip Op 05987


Decided on September 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 6, 2018


[*1]In the Matter of CHRISTOPHER LAUREN GRAHAM, an Attorney. 
(Attorney Registration No. 4436374)

Calendar Date: August 27, 2018

Before: Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER 
Per Curiam.
Respondent was admitted to practice by this Court in 2006 and currently resides in Texas, where he was previously admitted in 2005. He lists a business address in Dallas, Texas with the Office of Court Administration. In November 2017, respondent was disbarred from the practice of law in Texas by the District Court of Dallas stemming from its determination that he had made a false statement of material fact to a tribunal, made a statement that he knew to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation (see Texas Disciplinary Rules of Professional Conduct, rules 3.03 [a] [1]; 8.02 [a]; 8.04 [a] [3]). Now, by order to show cause marked returnable August 27, 2018, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moves this Court to impose discipline upon respondent pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based
upon the discipline imposed in Texas. Respondent has not replied to AGC's motion or otherwise submitted any documents in mitigation.
As a result of respondent's failure to respond to AGC's motion, he has waived any of his available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Moreover, we find that respondent's misconduct in Texas, if committed in this state, would violate Rules of Professional Conduct (22 NYCRR 1200.0) rules 3.3 (a) (1), 8.2 (a) and 8.4 (c) (see generally Matter of Rain, 162 AD3d 1458, 1461 [2018]; Matter of Meagher, 156 AD3d 1218, 1220 [2017]; Matter of Hudson, 85 AD3d 1387, 1388 [2011]). Accordingly, we grant AGC's motion and turn to the issue of the appropriate disciplinary sanction (see Matter of Tambolini, 155 AD3d 1302, 1303 [2017]; Matter of Ebrahimzadeh, 140 AD3d 1466, 1466 [2016]).
Aggravating respondent's misconduct here is his recent history of similar misconduct in Texas, having received a two-year probated suspension in October 2016, which he was still serving at the time of his disbarment, along with a public reprimand in November 2016 [FN1]. Both of respondent's prior disciplinary actions, along with the conduct spurring the investigation that resulted in his disbarment, arose from, among other things, his neglect of client files and his failure to return unearned fees. We find that such conduct evinces a pattern of disregard for his clients and the ethical rules governing attorneys (see generally Matter of Barber, 70 AD3d 1296, 1296 [2010]; Matter of Poveromo, 18 AD3d 1067, 1067 [2005]). Further, respondent has shown a clear disregard for his fate as an attorney in this state through his failure to participate in these proceedings (see Matter of Ezeala, 163 AD3d 1348, 1349 [2018]; Matter of Tambolini, 155 AD3d 1302, 1303 [2017]). Accordingly, upon consideration of all of the facts and circumstances presented and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we find that respondent should be disbarred from the practice of law in this state (see Matter of Perry, 85 AD3d 1443, 1444-1445 [2011]; Matter of Wheatley, 297 AD2d 872, 872—873 [2002]; see also Matter of Vega, 147 AD3d 1196, 1198 [2017]).
Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We note respondent's failure to fulfill his obligation to notify this Court and the Attorney Grievance Committee for the Third Judicial Department of his public reprimand, suspension or disbarment within 30 days thereof (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]).