958 A.2d 459

IN THE MATTER OF RACHEL Y. MARSHALL, AN ATTORNEY
AT LAW (ATTORNEY NO. 046601997).

October 3, 2008.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 07–376 and DRB 07–377, concluding that **RACHEL Y. MARSHALL of JERSEY CITY,** who was admitted to the bar of this State in 1997, should be suspended from the practice of law for a period of one year for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.2(d) (assisting client in conduct that the lawyer knows is illegal or fraudulent), *RPC* 1.7(a) (conflict of interest), *RPC* 1.15(d) (recordkeeping violations), *RPC* 4.1(a) (false statement of material fact or law to third person), and *RPC* 8.4(c) (dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to submit proof of her fitness to practice law;

And good cause appearing;

It is ORDERED that **RACHEL Y. MARSHALL** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective November 3, 2008; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of her fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that following reinstatement to practice, **RACHEL Y. MARSHALL** shall not practice law as a sole practitioner and shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of one year, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.