■ In the Matter of RACHEL Y. MARSHALL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [871 NYS2d 764]—

Per Curiam. Respondent was admitted to practice by this Court in 1998. She practiced law in New Jersey, where she was admitted to the bar in 1997.

By order dated October 2, 2008 (196 NJ 524, 958 A2d 459 [2008]), the Supreme Court of New Jersey suspended respondent for a period of one year, effective November 3, 2008. New Jersey conditioned respondent's reinstatement upon her submission of proof by a mental health professional of her fitness to practice law. The New Jersey order also directed that, following reinstatement, respondent will be prohibited from practicing as a sole practitioner and must practice law under the supervision of an approved practicing attorney for a period of one year, and until further order of the Supreme Court of New Jersey.

According to the decision of the New Jersey Disciplinary Review Board, respondent admitted to misconduct involving gross neglect, assisting a client in conduct that the lawyer knows is illegal or fraudulent, conflict of interest, record-keeping violations, making false statements of material fact or law to a third person, and acts involving dishonesty, fraud, deceit and misrepresentation. In 2002, respondent knowingly participated in a fraudulent real estate scheme in which she represented both buyer and seller. Among other things, respondent falsified closing and loan documents. In addition, during this same time frame, respondent falsified information on an application for disability insurance. She entered into a civil settlement with the New Jersey authorities admitting to the fraud and the assessment of a $6,000 civil penalty.

We grant petitioner's motion for an order imposing reciprocal discipline (see 22 NYCRR 806.19). Respondent has not replied

to or otherwise appeared in response to the motion. She is also delinquent in the payment of her biennial registration fee for two registration periods (*see* Judiciary Law § 468-a).

Having considered the nature of respondent's serious misconduct and the resulting New Jersey disciplinary order, and having further considered respondent's apparent disregard for her fate as an attorney in this state as evinced by her failure to appear in this matter and her delinquent registration status, we conclude that respondent should be disbarred from the practice of law in New York.

Peters, J.P., Rose, Lahtinen, Kane and Stein, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).