969 A.2d 1067
IN THE MATTER OF WILLIAM N. STAHL,
AN ATTORNEY AT LAW.

March 26, 2009.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 08–204, concluding that **WILLIAM N. STAHL** of **MONTCLAIR**, who was admitted to the bar of this State in 1983, should be suspended from the practice of law for a period of one year for violating *RPC* 1.15(b) (a lawyer shall promptly notify a third person of the receipt of funds in which the third person has an interest and shall promptly deliver such funds to the third person), *RPC* 3.3(a)(1) (a lawyer shall not knowingly make a false statement of material fact or law to a tribunal), *RPC* 3.3(a)(4) (a lawyer shall not knowingly offer evidence that the lawyer knows to be false), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and good cause appearing;

It is ORDERED that **WILLIAM N. STAHL** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective immediately; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.