993 A.2d 1211

IN THE MATTER OF NOLA TRUSTAN, AN ATTORNEY AT LAW.

March 24, 2010.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 09–132, concluding that **NOLA TRUSTAN of TOMS RIVER,** who was admitted to the bar of this State in 1982, should be suspended from the practice of law for a period of three months for violating *RPC* 1.8(a) (conflict of interest), *RPC* 1.8(e) (providing financial assistance to a client in connection with pending litigation), *RPC* 1.9(c) (using false information relating to the representation of a former client to the former client's disadvantage or revealing information relating to the representation), *RPC* 3.3(a)(1) (knowingly making a false statement of material fact or law to a tribunal), *RPC* 3.3(a)(4) (knowingly offering evidence the lawyer knows to be false), *RPC* 4.1(a) (knowingly making a false statement of material fact to a third person), *RPC* 8.4(a) (violating or attempting to violate the Rules of Professional Conduct), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having further concluded that respondent should be required to attend weekly Alcoholics Anonymous meetings, and prior to reinstatement to practice, submit proof of mental fitness;

And good cause appearing;

It is ORDERED that **NOLA TRUSTAN** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective April 22, 2010; and it is further

ORDERED that respondent shall continue to attend weekly Alcoholics Anonymous meetings and submit proof of her continued sobriety to the Office of Attorney Ethics on a schedule to be

determined by the Office of Attorney Ethics and until the further Order of the Court; and it is further

ORDERED that prior to reinstatement to practice, respondent shall provide proof of her fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.