■ In the Matter of MICHAEL D. HALBFISH, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [909 NYS2d 675]—

Per Curiam. Respondent was admitted to practice by this Court in 1997. He maintains an office for the practice of law in New Jersey, where he was admitted to the bar in 1997.

By order dated April 20, 2010, the New Jersey Supreme Court censured respondent, with conditions, for gross neglect, lack of diligence, failure to keep his client reasonably informed about the status of a matter, negligent misappropriation of client trust funds, record-keeping violations, and failure to withdraw from representation when his condition materially impaired his ability to represent a client. Respondent was also required, within 90 days after the filing of the Court's order on April 22, 2010, to provide the New Jersey Office of Attorney Ethics with all information previously requested, and was required for a period of two years to submit to the Office of Attorney Ethics quarterly reconciliations of his trust account prepared by a certified public accountant.

Petitioner moves for an order imposing discipline upon respondent pursuant to this Court's rules (*see* 22 NYCRR 806.19).

Petitioner states in its motion papers that respondent is not in compliance with the terms of the order of censure and has not communicated with the New Jersey Office of Attorney Ethics in any way regarding the reasons for his noncompliance. Respondent has not submitted any opposition to petitioner's motion or otherwise appeared in response to the motion.

Respondent, having failed to appear in this matter, has waived any available defenses (*see* 22 NYCRR 806.19 [d]; *Matter of Goodhart*, 56 AD3d 889 [2008]), and we therefore grant petitioner's motion.

We further conclude that, in light of respondent's misconduct, his failure to comply with the conditions of the New Jersey censure, his failure to file a copy of the aforementioned New Jersey order as required by the rules of this Court (*see* 22 NYCRR 806.19 [b]) and his default in the instant matter, respondent has exhibited an apathetic and neglectful approach to remedying his misconduct and, therefore, he should be suspended from the practice of law for a period of six months (*see e.g. Matter of Gerstner*, 64 AD3d 871 [2009]; *Matter of Marshall*, 58 AD3d 1066 [2009]; *Matter of Kervick*, 306 AD2d 544 [2003]).

Mercure, J.P., Rose, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of six months, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).