In the Matter of MICHAEL A. YEHL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [933 NYS2d 624]—

Per Curiam.

Respondent admits the charges and specifications set forth in the petition, and we have heard him in mitigation. As alleged, respondent neglected a client matter, failed to communicate with the client, attempted to mislead and deceive petitioner and failed to cooperate with petitioner's investigation (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3 [b]; 1.4, 8.4 [c], [d], [h]).

In mitigation, respondent expresses regret for his misconduct and raises certain mental health issues. He also offers to reimburse his client the fees that were advanced to him. In aggravation, we note that petitioner issued a letter of caution to respondent in 2008 for similar misconduct.

Under all of the circumstances presented, and in order to protect the public, deter similar misconduct and preserve the reputation of the bar, we conclude that respondent should be suspended from the practice of law for a period of six months. Upon any application for reinstatement, respondent shall, in addition to the required showing set forth in this Court's rules (*see* 22 NYCRR 806.12 [b]), submit a medical report supporting

his capacity to resume the practice of law and documentation establishing that he has reimbursed the fees that were paid to him, less any amounts already expended on the client's behalf.

Spain, J.P., Lahtinen, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that respondent is found guilty of the professional misconduct as set forth in the petition; and it is further

Ordered that respondent is suspended from the practice of law for a period of six months, effective 20 days from the date of this decision, and until further order of this Court; and it is further

Ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

Ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).