32 A.3d 1117

IN THE MATTER OF TY HYDERALLY, AN ATTORNEY AT LAW.

Argued October 24, 2011—Decided December 20, 2011.

*Walton W. Kingsbery, III,* Assistant Ethics Counsel, argued the cause on behalf of the Office of Attorney Ethics.

*Frederick J. Dennehy* argued the cause for respondent (*Wilentz, Goldman & Spitzer,* attorneys).

PER CURIAM.

This ethics proceeding requires the Court to determine whether respondent, Ty Hyderally, violated *Rule of Professional Conduct (RPC)* 8.4(c), which prohibits "conduct involving dishonesty, fraud, deceit or misrepresentation," by virtue of his display of the seal of the New Jersey Board on Attorney Certification on his law firm website, notwithstanding the fact that respondent is not a Certified Attorney. An attorney may incorporate the seal of the New

Jersey Board on Attorney Certification in attorney advertising, including any website, only if he or she is certified as a civil trial attorney, criminal trial attorney, matrimonial law attorney, workers' compensation law attorney or municipal court trial attorney, pursuant to *Rule* 1:39. Members of the Bar may be subject to discipline if their websites or other communications improperly display the seal of the New Jersey Board on Attorney Certification. Attorneys are responsible for monitoring all advertising and other communications with the public to ensure conformity with the Rules of Professional Conduct. Nonetheless, the Court concludes that the record of this case does not support a finding by clear and convincing evidence that respondent violated *RPC* 8.4(c), and accordingly we do not impose discipline upon respondent.

## I.

Respondent was admitted to the New Jersey Bar in 1994. He has a prior disciplinary history. In 1999, he was reprimanded for violating *RPC* 8.4(d) (conduct prejudicial to the administration of justice). *In re Hyderally*, 162 *N.J.* 95, 741 *A.2d* 79 (1999). He maintains a practice in Montclair, with several attorneys and a paralegal, previously known as "Law Offices of Ty Hyderally, P.C.," and now known as "Hyderally & Associates, P.C."

In 2005, respondent asked his cousin, Yusuf Asgerally, who is a California website designer and is not an attorney, to create a website for his law practice. Mr. Asgerally added the New Jersey Attorney Certification seal to respondent's website. The seal, including the language "New Jersey Supreme Court Certified Attorney," appeared on sixteen pages of respondent's website, including the pages containing biographical information about respondent, his associates and his staff, none of whom has been certified in accordance with *Rule* 1:39. On each page, the seal was placed under a heading entitled "Memberships/Affiliations." The "New Jersey Supreme Court Certified Attorney" seal remained on respondent's website for more than two years. Respondent testified that during this period, he knew he had a website, but "never

went into it with that level of detail to look at the web site, ... to look at that specific seal or see what that seal meant or anything of that nature."

In 2007, the Supreme Court Committee on Attorney Advertising (CAA) received a grievance about respondent's display of the seal. The Committee referred the issue to the Office of Attorney Ethics (OAE) on February 8, 2008. On February 9, 2010, the OAE filed a Complaint charging respondent with violating *RPC* 8.4(c), which provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." The OAE declined to charge respondent with violating *RPC* 7.1 or 7.2, which define the parameters of acceptable attorney representations about services, and of attorney advertising.

The District V–C Ethics Committee (DEC) conducted a hearing on July 1, 2010, and August 30, 2010. Mr. Asgerally testified that when he designed the website in 2005, he had no familiarity with legal terminology. He stated that in reviewing websites of New Jersey attorneys to find "imagery [related] to law in New Jersey," he noticed the "seal talking about the New Jersey Supreme Court Certified Attorney." Assuming that "if you practice in New Jersey, that means you're a certified attorney and with the Supreme Court there," Mr. Asgerally added the seal to respondent's website.

Respondent testified that he did not direct Mr. Asgerally to include the "New Jersey Supreme Court Certified Attorney" seal on the website. He stated that he was unaware of the seal's presence on the website, and that had Mr. Asgerally's decision to include the seal been brought to his attention, he would not have permitted it. He stated that upon being notified of the grievance, he directed Mr. Asgerally "to immediately take down the emblem that was on the site." Respondent testified that the seal's presence on his website had been unintentional and inadvertent, that he had no intention of holding himself or his associates out as certified pursuant to *Rule* 1:39, and that he did not include any reference to attorney certification on his business cards or letter-

head. Respondent testified that he did not receive any referral fees from attorneys, as *Rule* 1:39–6(d) authorizes with respect to certified attorneys. In 2009, he retained a professional website design company to redesign his website, and accordingly terminated Mr. Asgerally's website design services.

The DEC hearing panel concluded that respondent had a duty to monitor his website to ensure that no improper content appeared on that website. It determined that his failure to do so violated *RPC* 8.4(c) and *Rule* 1:39–6(b), warranting a reprimand. In accordance with *Rule* 1:20–15(f), the Disciplinary Review Board (DRB) conducted a *de novo* review of the DEC panel's recommendation. Before the DRB, the OAE recommended that respondent be given either a reprimand or a censure, that the CAA monitor respondent's firm advertising for a period of time, and that respondent be barred for five years from applying for Certified Attorney status.

In a decision dated July 12, 2011, the DRB concurred with the DEC that respondent had improperly displayed the "New Jersey Supreme Court Certified Attorney" seal on his website, but concluded that the complaint should be dismissed. The DRB cited (1) respondent's immediate removal of the seal from his website after the CAA directed him to do so; (2) the fact that respondent had not derived any benefit from his display of the seal; and (3) the "inadvertent" nature of respondent's inclusion of the seal on his website. Noting that "[a] violation of *RPC* 8.4(c) requires intent," the DRB concluded that because "there is no clear and convincing evidence that respondent intended to include the emblem on his website or knowingly ratified its display," no violation of *RPC* 8.4(c) had been shown.

## II.

The Court determined on its own motion to review the DRB's determination pursuant to *Rule* 1:20–16(b), and issued an Order to Show Cause. The OAE challenged the first rationale of the DRB's decision, respondent's immediate removal of the seal from

his website on learning of the grievance. Noting that "the Attorney Certification emblem was displayed for about two years," the OAE argued that "respondent's improper use of the Certified designation was not and cannot be 'cured' simply by its discontinuance." As to the second basis of the DRB's decision—the absence of evidence that respondent derived a benefit from the presence of the "New Jersey Supreme Court Certified Attorney" seal on his website for two years—the OAE argued that neither *RPC* 8.4(c) nor *Rule* 1:39–6(b) requires evidence of a benefit to prove a violation. The OAE also disputed the third rationale for the DRB's decision, that respondent's display of the seal was inadvertent. The OAE characterized respondent's position on that issue as "simply incredible." It urged the Court to discipline respondent with a reprimand or censure, and to require respondent to submit his advertising to the CAA for approval for two years.

Respondent argued that the Court should uphold the DRB's dismissal of the complaint, citing "the lack of any evidence or convincing argument to the contrary by the OAE, the logic of experience in support of respondent's position, and the judgment of the disciplinary body that heard his testimony and observed the demeanor of all the witnesses." Respondent contended that if the Court ruled that a violation of *RPC* 8.4(c) could be premised on inadvertent or negligent use of symbols on a website, it should do so only prospectively.

### III.

The "New Jersey Supreme Court Certified Attorney" seal at the center of this proceeding represents a significant professional achievement by the lawyers who earn it. *Rule* 1:39 defines the exacting requirements that an attorney must satisfy to earn this designation:

> An attorney of the State of New Jersey may be certified as a civil trial attorney, a criminal trial attorney, a matrimonial law attorney, a workers' compensation law attorney, or a municipal court trial attorney, or in more than one designated area of practice, but only on establishing eligibility and satisfying requirements regard-

ing education, experience, knowledge, and skill for each designated area of practice as set forth below.
[*R.* 1:39.]

*Rule* 1:39–1 and *Rule* 1:39–1A authorize the appointment of a Board on Attorney Certification and a Certification Committee for each of the specialty areas of practice for which certification is allowed, and empower the Board and Committees to set standards for certification for those practice areas.

In addition to meeting eligibility requirements, a candidate for certification must demonstrate "extensive and substantial experience" in the designated practice area, as defined in the Board on Attorney Certification's regulations. *R.* 1:39–2(b). He or she must establish "professional fitness and competence in the designated area of practice" by presenting peer references, supplemented by the Board's or Committee's investigation of the candidate's qualifications and reputation. *R.* 1:39–2(c). The candidate must demonstrate "satisfactory and substantial educational involvement within the three years immediately preceding his or her application." *R.* 1:39–2(d). Upon completion of the requirements of *Rule* 1:39–2, the candidate must pass a written examination in the relevant field. *R.* 1:39–3. If, "upon due consideration," the Board deems an attorney is qualified for a specialty certification, it reports its decision to this Court, which then directs "the making of an appropriate entry on the roll of attorneys," and issues "an appropriate document attesting thereto." *R.* 1:39–5. Certification is effective for five years from the date of entry upon the roll of attorneys, *R.* 1:39–5(b), and may be terminated upon a finding by the Board that the "attorney no longer demonstrates continuing competence or has engaged in conduct or omissions . . . that are not acceptable on the part of a certified attorney." *R.* 1:39–8(a).

An attorney who has met this high standard of competence in a given specialty to the satisfaction of the Board on Attorney Certification is afforded unique recognition. He or she "may make dignified use of the area of practice designation as provided in the Regulations of the Board," *R.* 1:39–6(b), but is barred from using that designation in any manner unauthorized by the Board,

and from using "other words or combination of words" in place of the official designation. *R.* 1:39–6(c). Specialty certification authorizes certified attorneys to enter into referral relationships with other lawyers, with division of legal fees as defined by *Rule* 1:39–6(d), except in matrimonial cases. The privilege of practicing as a certified specialty attorney is accompanied by special disclosure obligations. A certified attorney must advise the Board of any malpractice actions brought, fee arbitrations or disciplinary complaints filed, or discipline imposed during the period of certification. *R.* 1:39–6(e). The "New Jersey Supreme Court Certified Attorney" seal is thus an important symbol of professional competence in a specialized field, achieved by virtue of a demanding process. The OAE contended that respondent's use of the seal, without having undergone this process, violated *RPC* 8.4(c).

Because respondent was not charged with a violation of *RPC* 7.1 (communications concerning a lawyer's service) or *RPC* 7.2 (attorney advertising), the issue of whether respondent's undisputed two-year display of the "New Jersey Supreme Court Certified Attorney" seal violates those rules is not before the Court.[1] Instead, the Court must determine whether the record of this case supports a finding, by clear and convincing evidence, that respondent engaged in "conduct involving dishonesty, fraud, deceit or misrepresentation" and thereby violated *RPC* 8.4(c).

Discipline has been imposed on the basis of *RPC* 8.4(c) in various settings in which the record demonstrates intentional misconduct. *See, e.g., In re Prothro,* 208 *N.J.* 340, 27 *A.*3d 1210 (2011) (attorney violated *RPC* 8.4(c) by knowingly making a false statement to a disciplinary authority); *In re Trustan,* 202 *N.J.* 4, 993 *A.*2d 1211 (2010) (attorney violated *RPC* 8.4(c) by knowingly making false statements to a third party and offered evidence he knew was false); *In re Stahl,* 198 *N.J.* 507, 969 *A.*2d 1067 (2009)

---

[1] The OAE cites cases in which attorneys were disciplined pursuant to *RPC* 7.1 because of misleading advertisements. *See In re Power,* 171 *N.J.* 470, 795 *A.*2d 849 (2002); *In re Sharp,* 157 *N.J.* 27, 722 *A.*2d 930 (1999).

(attorney violated *RPC* 8.4(c) where he knowingly made false statements to a law tribunal and offered evidence he knew was false); *In re Marshall,* 196 *N.J.* 524, 958 *A.*2d 459 (2008) (attorney violated *RPC* 8.4(c) where she assisted her client in conduct she knew was illegal or fraudulent, and made a false statement of material fact to a third party); *In re Tan,* 188 *N.J.* 389, 908 *A.*2d 180 (2006) (attorney violated *RPC* 8.4(c) by knowingly making false statements on his bar application). Absent evidence supporting a finding of intentional misconduct, this Court has declined to impose discipline pursuant to *RPC* 8.4(c). *See, e.g., In re Uffelman,* 200 *N.J.* 260, 979 *A.*2d 329 (2009) (imposing discipline based upon *RPC* 1.1(a), *RPC* 1.3 and *RPC* 1.4(b) after DRB dismissed *RPC* 8.4(c) charge in the absence of a finding of an intent to misrepresent); *In re Seelig,* 180 *N.J.* 234, 244 n. 6, 850 *A.*2d 477 (2004) (noting the DRB majority's conclusion that the respondent "could not have violated *RPC* 8.4(c) ... because he withheld information about [his client's] indictable offense in good faith. Respondent's belief that he was acting ethically 'precluded a finding that he intended to deceive the court.' ").

█ Applying those principles to the case before us, we conclude that there is no clear and convincing evidence demonstrating that respondent either intentionally included the New Jersey Supreme Court Certified Attorney seal, or approved its continued presence, on the website created for him by Mr. Asgerally. Accordingly, there is no basis for a finding, under the applicable standard of proof, that respondent's conduct constituted "dishonesty, fraud, deceit or misrepresentation." *RPC* 8.4(c). We agree with the DRB's unanimous determination that the complaint against respondent should be dismissed.

█ Notwithstanding our decision on the record of this case, we remind the Bar that attorneys are responsible for monitoring the content of all communications with the public—including their websites—to ensure that those communications conform at all times with the Rules of Professional Conduct. No attorney who has not complied with the requirements of *Rule* 1:39 should

display the New Jersey Supreme Court Certified Attorney seal on a website, in other advertising, on letterhead or in any other form of communication, or otherwise state or imply that he or she has been certified pursuant to *Rule* 1:39. Prospectively, attorneys who are not authorized by *Rule* 1:39 to utilize the New Jersey Supreme Court Certified Attorney seal, but who display that seal on their websites or in other communication, will be subject to appropriate discipline. Whether a website is created by an outside consultant or developed and maintained by an attorney or his or her staff, all language and design that appears on it should be reviewed frequently for compliance with *Rule* 1:39 and all Rules of Professional Conduct.

An order shall be entered consistent with this opinion.

*For dismissal*—Chief Justice RABNER, and Justices LONG, LaVECCHIA, HOENS, PATTERSON and WEFING—6.

*Not Participating*—Justice ALBIN.

## ORDER

It is ORDERED that the formal ethics complaint in District Docket No. XIV–2009–0329E filed against **TY HYDERALLY** of **MONTCLAIR,** who was admitted to the bar of this State in 1994, is hereby dismissed for lack of clear and convincing evidence of unethical conduct.