Per Curiam.
Respondent was admitted to practice by this *1010 Court in 2004. He resides in New Jersey, where he was admitted to practice in 2003.
By order dated December 4, 2012, the Supreme Court of New Jersey publicly reprimanded respondent upon his default for failing to comply with a client’s reasonable requests for information (Matter of Dahl, 212 NJ 477, 56 A3d 865 [2012]). Petitioner now moves for an order imposing discipline pursuant to this Court’s rules (see 22 NYCRR 806.19). Respondent has not replied to the motion or otherwise raised any available defenses (see 22 NYCRR 806.19 [d]), and we therefore grant petitioner’s motion.
Further, the record indicates that respondent has been ineligible to practice law in New Jersey since September 26, 2011 because he did not pay annual assessments to the New Jersey Lawyer’s Fund for Client Protection. He has similarly been delinquent with respect to his two most recent biennial attorney registration payments in New York. Petitioner also advises that respondent has not filed a copy of the New Jersey disciplinary order as required by this Court’s rules (see 22 NYCRR 806.19 [b]).
Under all of the circumstances presented, and especially noting respondent’s seeming indifference to both this proceeding and the New Jersey disciplinary matter, we conclude that he should be suspended for six months (see generally Matter of Halbfish, 78 AD3d 1320 [2010]).
Peters, P.J., McCarthy, Spain and Egan Jr., JJ., concur. Ordered that petitioner’s motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of six months, effective immediately, and until further order of this Court; and it is further ordered that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court’s rules regulating the conduct of suspended attorneys (see 22 NYCRR 806.9).