Per Curiam.
Respondent was admitted to practice by this Court in 1986. He resides in New Jersey, where he was admitted to practice in 1987.
By order dated April 26, 2013, the Supreme Court of New Jersey censured respondent for failing to safeguard funds, practicing law while ineligible and conduct involving dishonesty, fraud, deceit or misrepresentation (Matter of Weil, 213 NJ 499, 64 A3d 557 [2013]). Petitioner now moves for an order imposing discipline pursuant to this Court’s rules (see 22 NYCRR 806.19).
Respondent has not replied to the motion or otherwise raised any available defenses (see 22 NYCRR 806.19 [d]), and we therefore grant petitioner’s motion. Further, the record indicates that respondent was previously ineligible to practice law in New Jersey because he did not pay annual assessments to the New Jersey Lawyer’s Fund for Client Protection. He has similarly been delinquent with respect to his five most recent biennial attorney registration payments in New York.
Under all of the circumstances presented, and especially noting respondent’s apparent disregard for his fate as an attorney *1020 in this state as evinced by his failure to appear in this matter and his delinquent registration status, we conclude that he should be suspended for six months (see generally Matter of Dahl, 108 AD3d 1009 [2013]; Matter of Marshall, 58 AD3d 1066 [2009] ).
Peters, EJ., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that petitioner’s motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of six months, effective immediately, and until further order of this Court; and it is further ordered that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court’s rules regulating the conduct of suspended attorneys (see 22 NYCRR 806.9).