*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 23, 2015            D-55-15
_____

In the Matter of JOSEPH C.
    LANE, a Suspended Attorney.          MEMORANDUM AND ORDER
                                              ON MOTION
(Attorney Registration No. 2536738)
_____

Calendar Date:   June 22, 2015

Before:  Lahtinen, J.P., Egan Jr., Rose and Devine, JJ.

                        _____


        Monica A. Duffy, Committee on Professional Standards,
Albany (Alison M. Coan of counsel), for Committee on Professional
Standards.

                        _____


Per Curiam.

        Joseph C. Lane was admitted to practice by this Court in
1993 after being admitted in New Jersey in 1992.  He currently
practices law in New Jersey.

        Effective October 24, 2009, Lane was indefinitely suspended
from the practice of law by this Court due to his failure to
comply with attorney registration requirements since 1999 (see
Matter of Attorneys in Violation of Judiciary Law § 468-a, 65
AD3d 1447, 1457 [2009]).  He remains so suspended.

        By order issued September 24, 2014, the Supreme Court of
New Jersey censured Lane for failing to safeguard client funds,
failing to promptly deliver funds to a client or third person and
engaging in a conflict of interest by concurrently representing
two clients despite the risk of conflicting interests (Matter of
Lane, 219 NJ 321, 98 A3d 573 [2014]).  The Committee on
Professional Standards now moves for an order imposing discipline
upon Lane pursuant to this Court's rules as a result of the

discipline imposed in New Jersey (see Rules of App Div, 3d Dept [22 NYCRR] § 806.19).  Lane has not replied to the Committee's motion or otherwise raised any available defenses (see Rules of App Div, 3d Dept [22 NYCRR] § 806.19 [d]); therefore, we grant the Committee's motion (see Matter of Halbfish, 78 AD3d 1320, 1321 [2010]).

Turning to the issue of an appropriate disciplinary sanction, we note the presence of aggravating circumstances herein, including, among other things, Lane's failure to respond to the subject motion and his longstanding delinquency in this state with respect to his biennial attorney registration obligation.  Accordingly, under all the facts and circumstances presented, and especially noting Lane's evident disregard for his fate as an attorney in this state, we conclude that he should be suspended for a period of six months (see e.g. Matter of Weil, 109 AD3d 1019, 1019-1020 [2013]; Matter of Dahl, 108 AD3d 1009, 1010 [2013]; Matter of Halbfish, 78 AD3d at 1321).  We further direct that said suspension will take effect and commence at such time as Lane applies for and is granted reinstatement following his current indefinite suspension for attorney registration delinquency (see Matter of Chan, 126 AD3d 1111, 1112 [2015]).

Lahtinen, J.P., Egan Jr., Rose and Devine, JJ., concur.

ORDERED that the motion of the Committee on Professional Standards is granted; and it is further

ORDERED that Joseph C. Lane is suspended from the practice of law for a period of six months, effective at such time as Lane is reinstated following his current suspension, and until further order of this Court; and it is further

ORDERED that, for the period of suspension, Joseph C. Lane is commanded to continue to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and Lane is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that Joseph C. Lane shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (see Rules of App Div, 3d Dept [22 NYCRR] § 806.9).

ENTER:

Robert D. Mayberger
Clerk of the Court