*State of New York*
*Supreme Court, Appellate Division*

Decided and Entered:  November 3, 2016          D-62-16
_____

In the Matter of THOMAS E.
    McCABE, an Attorney.                    MEMORANDUM AND ORDER
                                                 ON MOTION
(Attorney Registration No. 5246087)
_____


Calendar Date:  October 11, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.


                        _____


        Monica A. Duffy, Attorney Grievance Committee for the Third
Judicial Department, Albany (Sarah A. Richards of counsel), for
Attorney Grievance Committee for the Third Judicial Department.
        .

                        _____


Per Curiam.

        Respondent was admitted to practice by this Court in 2014
after having previously been admitted in 2003 in Connecticut,
where he maintained a practice of law.

        By two orders entered in 2015, respondent was twice
suspended in Connecticut, upon his consent, for two years and for
three months, respectively.  These concurrent suspensions arose
from, among other misconduct, respondent's failure to safeguard
and account for client funds, his sexual relationship with a
client and his failure to cooperate with the investigation of his
conduct by the Connecticut disciplinary authorities.  Now, by
reason of the discipline imposed upon respondent in Connecticut,
the Attorney Grievance Committee for the Third Judicial
Department (hereinafter AGC) moves, by order to show cause, to
impose discipline upon respondent in this state.  Respondent has
not replied to AGC's motion or raised any available defenses (see
Uniform Rules for Attorney Disciplinary Matters [22 NYCRR]
§ 1240.13 [b]); therefore, we grant the motion (see Matter of
Halbfish, 78 AD3d 1320, 1321 [2010]).

Turning to the issue of an appropriate disciplinary sanction, we take note of respondent's default herein and the serious nature of respondent's professional misconduct in Connecticut set forth in the record before us. Accordingly, upon consideration of all the facts and circumstances, we conclude that – consistent with the aggregate discipline imposed in Connecticut – respondent should be suspended for two years in this state (see e.g. Matter of Bradley, 111 AD3d 1139, 1140 [2013]).

Garry, J.P., Egan Jr., Lynch, Clark and Aarons, JJ., concur.

ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further

ORDERED that respondent is suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court (see generally Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further

ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto;

ORDERED that respondent shall comply with the provisions of the Uniform Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).


ENTER:

Robert D. Mayberger
Clerk of the Court