# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 17, 2016        D-65-16

_____

In the Matter of BIBI B.
   MUSAFIRI, an Attorney.          MEMORANDUM AND ORDER
                            ON MOTION

(Attorney Registration No. 4400867)

_____


Calendar Date:  October 11, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Rose and Aarons, JJ.


_____


     Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for the Attorney Grievance Committee for the Third Judicial Department.


_____


Per Curiam.

     Respondent was admitted to practice by this Court in 2006 and formerly resided in Virginia.  By order entered April 9, 2015, this Court censured respondent upon sustained allegations that she had neglected and failed to communicate with an immigration client in Virginia and had failed to cooperate with the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) in its investigation of that client's complaint (127 AD3d 1405 [2015]).  Subsequently, respondent, who is not admitted to the bar of Virginia but, nevertheless, practiced federal immigration law in that state, was suspended from the practice of law for six months by September 15, 2015 order of the Virginia State Bar Disciplinary Board due to her failure to meet all required terms of a disciplinary reprimand previously imposed against her in that jurisdiction in connection with her representation of the same immigration client referenced in this Court's April 2015 censure.

AGC now moves pursuant to Uniform Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 to impose discipline upon respondent due to her Virginia suspension,[1] as well as respondent's failure to comply with all of the conditions of this Court's April 2015 censure; namely, that she submit documentation to AGC by April 9, 2016 certifying that she completed 12 credit hours of accredited continuing legal education in ethics and professionalism. Respondent has not replied to AGC's motion or raised any available defenses (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]); therefore, we grant AGC's motion (see Matter of Halbfish, 78 AD3d 1320, 1321 [2010]).

Turning to the issue of an appropriate disciplinary sanction, we take note of respondent's failure to respond to the subject motion and the findings by the Virginia State Bar Disciplinary Board that respondent failed to comply with its prior order, as well as respondent's failure to comply with the continuing legal education requirement in this Court's April 2015 order. Accordingly, upon consideration of all the facts and circumstances, and in order to protect the public, maintain the integrity of the profession and deter similar misconduct by others, we conclude that — consistent with the discipline imposed in Virginia — respondent should be suspended from the practice of law for six months in this state (see e.g. Matter of Ebrahimzadeh, 140 AD3d 1466 [2016]; Matter of Yehl, 90 AD3d 1139 [2011]; see generally Uniform Rules for Attorney Disciplinary

---

[1] Although, as indicated above, respondent is not admitted in Virginia, the client complaint was investigated pursuant to Rule 8.5 of the Virginia Rules of Professional Conduct, which provides, in relevant part, that: "a lawyer not admitted in Virginia is also subject to the disciplinary authority of Virginia if the lawyer provides, holds himself [or herself] out as providing, or offers to provide legal services in Virginia. By doing so, such lawyer consents to . . . notices of any disciplinary action by the Virginia State Bar. A lawyer may be subject for the same conduct to the disciplinary authority of Virginia and any other jurisdiction where the lawyer is admitted."

Matters [22 NYCRR] § 806.8 [b] [2]).  We further note that any application for reinstatement by respondent shall — in addition to all other required materials — include documentation establishing that respondent has met all requirements set forth in the April 2015 order of censure.

McCarthy, J.P., Egan Jr., Lynch, Rose and Aarons, JJ., concur.


ORDERED that AGC's motion is granted; and it is further

ORDERED that respondent is suspended from the practice of law for a period of six months, effective immediately, and until further order of this Court (see generally Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further

ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that respondent shall comply with the provisions of the Uniform Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).


ENTER:

Robert D. Mayberger
Clerk of the Court