Per Curiam.
 

 Respondent was admitted to practice by this Court in 1999. In 2005, he was admitted to practice in Nevada, where he lists a business address with the Office of Court Administration.
 

 By January 2014 order, this Court indefinitely suspended respondent from the practice of law in New York for conduct prejudicial to the administration of justice arising from his noncompliance since 2009 with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (113 AD3d 1020, 1054 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). By September 2014 order, respondent was thereafter also suspended from the practice of law in Nevada for two years due to, among other things, his unauthorized practice of law while under administrative suspension and his failure to competently and diligently represent clients. Respondent then failed to notify this Court and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) within 30 days following the imposition of the Nevada sanction as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d).
 
 *
 
 Accordingly, AGC now moves, by order to show cause returnable October 2, 2017, for an order imposing discipline upon respondent in New York pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 on the basis of the discipline imposed in Nevada. To date, respondent has not responded to the motion or otherwise raised any of the available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]); therefore, we grant the motion (see Matter of Lane, 130 AD3d 1361, 1362 [2015]; Matter of Halbfish, 78 AD3d 1320, 1321 [2010]).
 

 Turning to the issue of the appropriate disciplinary sanction, we take note of the discipline imposed in Nevada and the presence of the numerous aggravating circumstances, including, among other things, respondent’s failure to respond to the subject motion and his longstanding registration delinquency in this state. Consequently, under all the facts and circumstances presented, and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, and especially noting respondent’s apparent disregard for his fate as an attorney in this state, we conclude that—consistent with the discipline imposed in Nevada—respondent should be suspended in this state for a period of two years (see e.g. Matter of McCabe, 144 AD3d 1264, 1265 [2016]). Additionally, we further direct that said suspension will take effect and commence at such time as respondent applies for and is granted reinstatement from his current indefinite suspension arising from his Judiciary Law § 468-a violation (see Matter of Lane, 130 AD3d at 1362; Matter of Chan, 126 AD3d 1111, 1112 [2015]).
 

 McCarthy, J.R, Garry, Devine, Aarons and Pritzker, JJ., concur. Ordered that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further ordered that respondent is suspended from the practice of law for a period of two years, effective at such time as he is reinstated following his current suspension, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to continue to desist and refrain from the practice of law in any form, in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further ordered that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further ordered that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him.
 

 *
 

 AGC farther advises that, in a May 2016 order of the United States Patent and Trademark Office, respondent was reciprocally suspended from practicing law for two years based upon his two-year suspension in Nevada.