Matter of Brownell (2018 NY Slip Op 07402)





Matter of Brownell


2018 NY Slip Op 07402


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018


[*1]In the Matter of GLEN W. BROWNELL, a Suspended Attorney. ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner, GLEN W. BROWNELL, Respondent. (Attorney Registration No. 1973387)

Calendar Date: February 21, 2017

Before: Egan Jr., J.P., Lynch, Devine, Mulvey and Aarons, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for petitioner.
Glen W. Brownell, Schenectady, respondent pro se.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1985. He previously maintained an office for the practice of law in the City of Schenectady, Schenectady County, but, in July 2018, this Court suspended him from the practice of law for 90 days upon sustained allegations of professional misconduct (163 AD3d 1346 [2018]).
By a separate petition of charges dated January 19, 2017, petitioner has alleged in a single charge that respondent has violated eight distinct provisions of the Rules of Professional Conduct (22 NYCRR 1200.0) with respect to his representation of a domestic relations client. Following joinder of issue and respondent's submission of certain mitigating factors, petitioner moved for, among other relief, a declaration that no factual issues were raised by the pleadings. In July 2018, this Court issued a confidential order granting petitioner's motion finding respondent in violation of several rules (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3 [a], [b]; 1.4 [a] [3]; 1.5 [b], [d] [4]; 8.4 [d]; Rules of App Div [22 NYCRR] parts 1215, 1400), as specified in the petition of charges, and afforded the parties an opportunity to be heard in mitigation and/or aggravation. Respondent has made additional submissions describing various mitigating circumstances [FN1]. We have also considered petitioner's contentions as to the aggravating factors presented by, among other things, respondent's current suspension from the practice of law and his considerable past disciplinary history, which includes five admonitions [*2]and a letter of caution (see Rules of App Div, 3d Dept [22 NYCRR] former § 806.4 [c] [1] [iii])[FN2]. Accordingly, upon our review of all the circumstances, and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we find that respondent should be suspended from the practice of law for a period of six months (see e.g. Matter of Musafiri, 144 AD3d 1387 [2016]). We further direct that said suspension will be effective at the conclusion of respondent's current 90-day suspension (cf. Matter of Tambolini, 155 AD3d 1302, 1303 [2017]).
Egan Jr., J.P., Lynch, Devine, Mulvey and Aarons, JJ., concur.
ORDERED that respondent is suspended from the practice of law for a period of six months, effective November 17, 2018, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to continue to desist and refrain from the practice of law in any form, in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: Although respondent's submission was untimely, we deem it appropriate under the circumstances to accept respondent's documents and have duly considered them herein, as well as petitioner's response thereto.

Footnote 2: It is also noted that respondent is presently delinquent in his attorney registration obligations (see Judiciary Law § 468-a; Rules of the Chief Administrator of the Courts [22 NYCRR] § 118.1), inasmuch as he last registered for the 2015-2016 biennial cycle. Petitioner also notes that respondent failed to timely file an affidavit of compliance in connection with his current suspension from the practice of law as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.15 (f).