Matter of Jew (2019 NY Slip Op 06131)





Matter of Jew


2019 NY Slip Op 06131


Decided on August 8, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 8, 2019

[*1]
In the Matter of LEON EMMANUEL JEW, an Attorney.
 (Attorney Registration No. 4168407)

Calendar Date: July 15, 2019

Before: Garry, P.J., Egan Jr., Mulvey, Devine and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2003, after previously being admitted in California in 2002. By order filed June 8, 2017, the State Bar Court of California approved a stipulation whereby respondent admitted that he had violated former California Rules of Professional Conduct, Rule 4-100 (A) by willfully commingling personal funds in his attorney escrow account on multiple occasions [FN1]. On the basis of such stipulation and respondent's presentation of several mitigating factors, a public reproval, with conditions, was imposed, rather than a suspension. As a result of the California reproval, the US Patent and Trademark Office thereafter similarly issued a public reprimand. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) and now moves, by order to show cause marked returnable July 15, 2019, to impose discipline upon respondent in this state based upon the professional misconduct that he was found to have committed in California (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [a]; Rules of the Appellate Division, Third Department [22 NYCRR] § 806.13). Respondent has not replied or otherwise responded to the motion and, as such, he has waived his available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Therefore, we grant AGC's motion (see Matter of Malyszek, 171 AD3d 1445, 1445 [2019]).
Turning to the appropriate disciplinary sanction, we note that, given respondent's failure to participate in these proceedings, there are no factors to consider in mitigation of his misconduct. Notably, while this Court may consider the discipline imposed on respondent in California, we are not bound to impose that sanction (see e.g. Matter of McCoy-Jacien, 167 AD3d 1414, 1415 2018]; Matter of Halbfish, 78 AD3d 1320, 1321 [2010]). Significantly, sustained allegations of professional misconduct relating to the knowing commingling of client funds generally supports the sanction of suspension (see generally ABA Standards for Imposing Lawyer Sanctions § 4.12). Moreover, respondent's misconduct is exacerbated by his failure to provide proper notice of same to this Court or AGC, as required by Rules for Attorney [*2]Disciplinary Matters (22 NYCRR) § 1240.13 (d). Accordingly, upon consideration of all the facts and circumstances, including the nature of respondent's established misconduct in California, his failure to respond in the subject motion and his failure to provide proper notice of his misconduct, we hold that respondent should be suspended from the practice of law in this state for three months (see Matter of Bhalla, 173 AD3d 1432 [2019]; Matter of Hahn, 167 AD3d 1140 [2018]; Matter of Cooper, 124 AD3d 1203, 1204 [2015]).
Garry, P.J., Egan Jr., Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of
Law for a period of three months, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We note that the disciplinary rule that respondent was found to have violated in California is substantially similar to Rules of Professional Conduct (22 NYCRR) rule 1.15 (a).