[931 NYS2d 816]

In the Matter of ANDREW J. COHEN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, October 7, 2011

## APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Gerard M. LaRusso*, Rochester, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by the Appellate Division, Second Department on September 13, 1978, and maintains an office in Rochester. The Grievance Committee filed a petition alleging five charges of misconduct against respondent, including misappropriating client funds, entering into improper loan agreements with clients in order to correct a deficient balance in his attorney trust account, and failing to comply with the former Disciplinary Rules and the current Rules of Professional Conduct regarding the maintenance of client funds and required records. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. The Referee has submitted a report, which the Grievance Committee moves to confirm and respondent cross-moves to confirm in part and disaffirm in part.

The Referee found that, in 2004, respondent was retained to represent a client personally and in her capacity as executrix of an estate and that, in January 2005, he deposited into his trust account funds belonging to the estate in the approximate amount of $69,000. The Referee further found that, from 2005 through 2009, respondent did not attempt to disburse those funds to his client and misappropriated estate funds in the approximate amount of $65,000, using the funds for personal purposes. In addition, the Referee found, and respondent admits, that in 2005 respondent withdrew from his trust account funds belonging to the estate in the approximate amount of $4,000 as legal fees for services rendered to the estate.

The Referee found that, when respondent's client requested that respondent disburse the estate funds to her in June 2010, he paid her funds from his trust account in the approximate amount of $65,000. The Referee further found that, when respondent disbursed those funds to his client, he knowingly and intentionally converted funds of other clients that were in his trust account. The Referee found that respondent thereafter attempted to conceal that conversion by entering into loan agreements with two clients purporting to authorize him to withdraw from his trust account funds belonging to those clients. In addi-

tion, the Referee found that, in September 2010, respondent borrowed $10,000 from a client without advising the client to consult independent legal counsel prior to entering into the transaction or disclosing to the client that he had substantial outstanding personal and business debts.

In addition, the Referee found that, from 2005 through 2010, respondent failed to make and keep proper trust account records, made cash withdrawals from his trust account, allowed a nonattorney to be an authorized signatory of his trust account, commingled personal funds with client funds, and continually failed to maintain a balance in his attorney trust account sufficient to satisfy his obligations to his clients. Moreover, the Referee found that respondent engaged in illegal conduct when he failed to report as income on his state and federal income tax returns the funds misappropriated from his clients from 2005 through 2010.

We confirm the findings of fact made by the Referee with the exception of the findings related to the tax returns. The Grievance Committee failed to establish by a preponderance of the evidence that respondent had a duty to report the misappropriated funds as income on his tax returns or that he engaged in illegal conduct when he failed to do so.

We conclude that respondent has violated the following former Disciplinary Rules of the Code of Professional Responsibility and the following Rules of Professional Conduct:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and rule 8.4 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 9-102 (a) (22 NYCRR 1200.46 [a]) and rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0)—misappropriating client funds and commingling client funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1]) and rule 1.15 (b) (1) of the Rules of Professional Conduct (22 NYCRR 1200.0)—failing to maintain client funds in a special account separate from his business or personal accounts;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3]) and rule 1.15 (c) (3) of the Rules of Professional Conduct (22 NYCRR 1200.0)—failing to maintain complete records of all funds of a client coming into his possession and to render appropriate accounts to his client regarding them;

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]) and rule 1.15 (c) (4) of the Rules of Professional Conduct (22 NYCRR 1200.0)—failing to pay or deliver to a client in a prompt manner as requested by the client the funds, securities or other properties in his possession that the client is entitled to receive;

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1]) and rule 1.15 (d) (1) of the Rules of Professional Conduct (22 NYCRR 1200.0)—failing to maintain required records of bank accounts;

DR 9-102 (d) (2) (22 NYCRR 1200.46 [d] [2]) and rule 1.15 (d) (2) of the Rules of Professional Conduct (22 NYCRR 1200.0)—failing to maintain a record for special accounts, showing the source of all funds deposited in such accounts, the names of all persons for whom the funds are or were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed; and

DR 9-102 (e) (22 NYCRR 1200.46 [e]) and rule 1.15 (e) of the Rules of Professional Conduct (22 NYCRR 1200.0)—making withdrawals from a special account payable to cash and not to a named payee and allowing a nonattorney to be an authorized signatory of a special account.

In addition, we conclude that respondent violated rule 1.8 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0)—entering into a business transaction with a client if they have differing interests therein and if the client expects him to exercise professional judgment therein for the protection of the client unless the transaction is fair and reasonable to the client, the terms of the transaction are fully disclosed to the client in writing, the client is advised in writing of the desirability of seeking the advice of independent legal counsel on the transaction, and the client gives informed consent in writing to the terms of the transaction and the lawyer's role in the transaction.

We have considered, in determining an appropriate sanction, that respondent engaged in willful misconduct for personal gain that resulted in harm to his clients. In addition, we have considered the ongoing nature of the misconduct and that respondent has previously received eight letters of caution. Ac-

cordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of two years and until further order of the Court.

We deny the request of the Grievance Committee to order respondent to pay restitution for legal fees in the approximate amount of $4,000 that he charged to the estate at issue in June 2005. Those fees were approved by Surrogate's Court, which presided over the matter, and a billing statement setting forth the amount of time expended by respondent and the nature of the legal work he performed was received in evidence in this proceeding. We thus conclude that the Grievance Committee failed to establish that those fees were "misappropriated or misapplied" within the meaning of Judiciary Law § 90 (6-a) (a).

SMITH, J.P., FAHEY, CARNI, SCONIERS and GORSKI, JJ., concur.

Order of suspension entered.