[61 NYS3d 473]

In the Matter of JOHN L. WEICHSEL (Admitted as JOHN LOUIS WEICHSEL), an Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 5, 2017

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City *(Yvette A. Rosario* of counsel), for petitioner.

*John L. Weichsel,* respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent John L. Weichsel was admitted to the practice of law in the State of New York by the First Judicial Department on February 14, 1972, under the name John Louis Weichsel. At all relevant times, respondent has maintained an office for the practice of law within the First Department. Respondent was additionally admitted to the New Jersey bar in 1972 and maintains a second office for the practice of law in New Jersey.

By order filed November 17, 2016, the Supreme Court of New Jersey suspended respondent from the practice of law for a period of three months, effective December 16, 2016, and until further order of the court, for failing to safeguard client funds, failing to properly maintain IOLA account records, failing to properly supervise his secretary, and making intentionally false statements to disciplinary authorities. Respondent's lapses enabled his secretary to steal approximately $103,000 in client funds. Subsequently, all of the stolen funds were replaced, including a personal contribution of $25,000 by respondent, and no client suffered a monetary loss (*Matter of Weichsel,* 227 NJ 141, 149 A3d 4 [2016]). On March 28, 2017, respondent was reinstated in New Jersey (*Matter of Weichsel,* 228 NJ 277, 156 A3d 1042 [2017]).

Now, by motion dated May 15, 2017, the Attorney Grievance Committee (Committee) seeks an order pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, imposing reciprocal discipline upon respondent in New York.

The only defenses to reciprocal discipline are a lack of notice and opportunity to be heard in the foreign jurisdiction, an infirmity of proof establishing the misconduct, and that the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York (22 NYCRR 1240.13 [b]; *Matter of Hoffman,* 34 AD3d 1 [1st Dept 2006]). Here, respondent does not raise any of these defenses and does not oppose the imposi-

tion of reciprocal discipline, but asks this Court to run any suspension imposed as reciprocal discipline concurrently with his New Jersey suspension. Respondent avers that he voluntarily ceased practicing law in New York during his suspension.

In light of respondent's expressed contrition and extensive efforts to mitigate, including reporting his secretary to law enforcement, contributing $25,000 of personal funds to ensure that no client suffered a monetary loss, and retaining an accountant to ensure his IOLA account records will be properly maintained in the future, we find that a 90-day suspension, retroactive to the effective date of respondent's New Jersey suspension, is an appropriate sanction (*see Matter of Filosa*, 112 AD3d 162 [1st Dept 2013]; *Matter of Etkin*, 102 AD3d 151 [1st Dept 2012]).

Accordingly, the motion should be granted to the extent of imposing reciprocal discipline pursuant to 22 NYCRR 1240.13, and suspending respondent from the practice of law in the State of New York for a period of three months, effective nunc pro tunc to December 16, 2016, and until further order of this Court.

Acosta, P.J., Friedman, Richter, Moskowitz and Moulton, JJ., concur.

Respondent's name stricken from the role of attorneys and counselors-at-law in the State of New York for a period of three months, nunc pro tunc to December 16, 2016, and until further order of the Court.