Matter of Hahn (2018 NY Slip Op 08407)





Matter of Hahn


2018 NY Slip Op 08407


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: December 6, 2018
[*1]
In the Matter of SANGHWAN HAHN, an Attorney.
 
(Attorney Registration No. 2773000)

Calendar Date: October 9, 2018

Before: Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1996 after being admitted in his home jurisdiction of New Jersey in 1994. He lists a business address with the Office of Court Administration in Palisades Park, New Jersey. By May 2017 order, the Supreme Court of New Jersey suspended respondent for three months, upon stipulated facts establishing, among other misconduct, the negligent misappropriation of client funds and his engagement in an improper business transaction with a client. Said suspension remains in effect in New Jersey. Accordingly, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moves this Court to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon the discipline imposed in New Jersey. Respondent has provided no response to the motion.
As an initial matter, we find that the litany of misconduct of which respondent was found guilty in New Jersey also constitutes misconduct in this state (see generally Matter of Daigle, 162 AD3d 1390, 1391 [2018]; Matter of McDonagh, 129 AD3d 1199, 1199 [2015]; Matter of Crockett, 120 AD3d 878, 878 [2014]; Matter of Tecler, 109 AD3d 1077, 1078 [2013]; Matter of Cohen, 89 AD3d 142, 145 [2011]; Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.1 [a]; 1.3 [b]; 1.8 [b]; 1.15 [b], [d]; 8.4 [c], [d]). Moreover, respondent has not responded to AGC's motion and, as such, he has waived any of his available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Accordingly, we find the misconduct established and turn our attention to the issue of the appropriate disciplinary sanction (see Matter of Ezeala, 163 AD3d 1348, 1349 [2018]).
Due to his failure to participate in these proceedings, there are no factors to consider in mitigation of respondent's misconduct. Conversely, in aggravation of respondent's misconduct, we first note that the discipline in New Jersey stemmed from multiple sustained charges of misconduct beyond those concerning his negligent misappropriation of client funds and his engagement in improper business dealings with a client (see ABA Standards for Imposing Lawyer Sanctions § 9.22 [d]). Moreover, respondent was on notice of the deficiencies in his record-keeping practices, which ultimately led to the misconduct underlying these proceedings (see ABA Standards for Imposing Lawyer Sanctions § 9.22 [c]). We further note that respondent [*2]failed to advise this Court and AGC of his New Jersey suspension (see Matter of Graham, 164 AD3d 1520, 1521 n [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]; see also ABA Standards for Imposing Lawyer Sanctions § 7.2) and has a persistent registration delinquency spanning the last five registration periods, having last registered for the 2008-2009 biennial period (see Matter of Brownell, 163 AD3d 1346, 1348 n [2018]). Finally, we find that respondent's failure to respond in this matter along with his longstanding registration delinquency are indicative of a lack of interest in his fate as an attorney in this state (see Matter of Ezeala, 163 AD3d at 1349)[FN1]. Based on the foregoing, we conclude that respondent should be suspended from the practice of law in this state for six months, and any application for reinstatement should be conditioned on proof of his reinstatement in New Jersey and satisfaction of his registration requirements in this state (see Matter of Halbfish, 78 AD3d 1320, 1320 [2010]; see also Matter of Colby, 156 AD3d 1215, 1216 [2017]).
Garry, P.J., Devine, Mulvey and Rumsey, JJ., concur.




Egan Jr., J. (concurring in part and dissenting in part).


I agree that the motion of the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) should be granted and respondent sanctioned for the misconduct of which he was found guilty in New Jersey that would, if committed here, constitute misconduct in New York. I disagree, however, with the actual sanction imposed by the majority. Because this is an application for reciprocal discipline, I would impose the identical sanction that New Jersey deemed appropriate for its violations, a three-month suspension with conditions for reinstatement.
By no means do I minimize the aggravating factors cited to
justify increasing the suspension period — failing to report to
New York the New Jersey discipline and failing to register in
New York. These are serious allegations that, if true, constitute actual attorney misconduct in New York and may be the subject of charges brought by AGC herein.
Therefore, I vote to grant the motion, impose a three-month suspension with the same conditions for reinstatement as imposed by New Jersey, all without prejudice to AGC's right to
bring whatever New York charges it deems appropriate.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of
Law for a period of six months, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We note that respondent has apparently made no effort to seek his reinstatement in New Jersey — respondent was presumably eligible to seek his reinstatement as early as August 2017 — suggesting that he has little interest in continuing to practice law.