Matter of Burger (2021 NY Slip Op 06655)





Matter of Burger


2021 NY Slip Op 06655


Decided on November 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 30, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Ellen Gesmer
Peter H. Moulton
Martin Shulman
Bahaati E. Pitt, JJ.


Motion No. 2021-03207 Case No. 2021-03459 

[*1]In the Matter of Howard J. Burger (Admitted as Howard Jon Burger), an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Howard J. Burger, (OCA Atty. Reg. No. 1609312) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as Howard Jon Burger, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on February 2, 1970.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Remi E. Shea, Esq., of counsel), for petitioner.
Respondent pro se.



Per Curiam 


Respondent Howard J. Burger was admitted to the practice of law in the State of New York by the First Judicial Department on February 2, 1970, under the name Howard Jon Burger. Respondent maintains a registered address in New Jersey, where he is admitted to practice. Jurisdiction over the instant disciplinary proceeding attaches based upon his admission within the First Judicial Department (Rules of App Div, 1st Dept [22 NYCRR] § 603.1).
By order entered October 7, 2020, the Supreme Court of New Jersey suspended respondent from the practice of law for a period of two years, effective November 6, 2020, for, inter alia, entering into loan transactions with a client without providing the client with the required written advisories, failing to obtain written informed conflict waivers from the client, and failing to declare interest payments he received from the client as income on his state and federal tax returns.
The Attorney Grievance Committee (AGC) now moves for an order pursuant to Judiciary Law §90(2), the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, and the doctrine of reciprocal discipline: (1) finding that respondent has been disciplined by a foreign jurisdiction; (2) directing him to demonstrate why this Court should not impose discipline in New York for the misconduct underlying his discipline in New Jersey; and (3) suspending respondent for two years or, in the alternative, sanctioning respondent as this Court deems just and proper. Respondent appears pro se and opposes the motion.
Respondent acknowledges that he failed to comply with New Jersey Rules of Professional Conduct 1.7(a)(2) (conflict of interest) and 1.8(a) (improper business transaction with a client) by repeatedly failing to obtain written informed conflict waivers from his client in connection with: (1) mortgage loans respondent made to the client in which respondent also acted as the client's attorney in the transaction; (2) respondent's drafting of the same client's will naming respondent as executor and establishing a trust for the client's children of which respondent was trustee and had "full power to do anything deemed advisable, even though it would not be authorized or appropriate for a fiduciary (but for this power) under any statutory or other rule of law," and gave him the power to, inter alia, sell or dispose of real estate, engage in business with trust property, and pay debts; and (3) the client's life insurance policy naming respondent as the sole beneficiary and owner for which the client paid the premiums and where no writing required respondent to apply the proceeds to the outstanding mortgage balance.
After a hearing at which respondent was represented by counsel, the New Jersey District Ethics Committee (DEC) found that respondent's repeated failure to obtain written informed conflict waivers from the client in connection with the [*2]mortgage loans, will, and life insurance policy constituted multiple violations of New Jersey Rules of Professional Conduct 1.7(a)(2) and 1.8(a).
Thereafter, the New Jersey Disciplinary Review Board (DRB) conducted a de novo review at which respondent was again represented by counsel. The DRB sustained the conflict-related violations of New Jersey Rules of Professional Conduct 1.7(a)(2) and 1.8(a), and further found that respondent's failure to declare $122,400 in cash interest payments he received from the client between 2010 and 2015 on his tax returns [FN1] violated New Jersey Rules of Professional Conduct 8.4(b) and 8.4(c). The DRB sustained both of those charges, notwithstanding that no criminal case was brought against him. The DRB noted in this regard that the record, including respondent's own testimony, revealed that: (1) he was aware of, and complicit in his client's tax evasion in failing to report all of his income, but rather than counsel him otherwise, respondent took advantage of the opportunity to become his client's lender of last resort for respondent's own benefit; (2) respondent was aware of his client's mortgage fraud in securing $600,000 in home equity loans from three different banks without disclosing the competing liens to them; and (3) respondent sanctioned his client's misrepresentations about his income in connection with the client's application for the life insurance policy naming respondent as beneficiary. Three members of the DRB voted to recommend disbarment. However, the DRB ultimately recommended a tw0-year suspension. The Supreme Court of New Jersey affirmed the DRB's decision in full and suspended respondent from the practice of law for two years effective November 6, 2020 (244 NJ 269, 238 A3d 1125 [2020]).
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13(b),
respondent may raise the following defenses: (1) a lack of notice or opportunity to be
heard in the foreign jurisdiction constituting a deprivation of due process; (2) an
infirmity of proof establishing the misconduct; or (3) that the misconduct for which the
attorney was disciplined in the foreign jurisdiction does not constitute misconduct in
this state. Here, as the AGC points out, respondent has failed to raise any of the available defenses.
Respondent notes that, in the litigation he brought to foreclose on the mortgage, the court found that the client's trial testimony was not credible, the terms of the mortgage were fair and reasonable, and the client owed repayment to respondent under the terms of the mortgage. However, he does not dispute that he violated New Jersey Rules of Professional Conduct 1.7(a)(2) and 1.8(a) by failing to obtain written informed conflict waivers from the client.
Respondent further claims that his failure to declare the cash interest payments made to him by the client was inadvertent. However, as the AGC notes, this claim was asserted and rejected in the New Jersey disciplinary proceeding.
Finally[*3], respondent requests that, if this Court imposes a suspension, it be retroactive to the effective date of his suspension in New Jersey (November 6, 2020). He states that after notifying New York of his suspension by a letter dated October 14, 2020, he ceased the practice of law in both New Jersey and New York as of November 6, 2020. The AGC takes no position with regard to respondent's request for a retroactive suspension.
This Court finds that respondent received notice of the charges against him and had an adequate opportunity to defend himself before the DEC, DRB and the New Jersey Supreme Court. The record fully supports the New Jersey misconduct findings, and the misconduct for which he was disciplined in New Jersey constitutes misconduct in violation of New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.7(a)(2), 1.8(a), 8.4(b), and 8.4(c). Therefore, this Court will impose reciprocal discipline (22 NYCRR 1240.13[c]).
The general rule in imposing an appropriate sanction is that "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]). Only in rare instances will this Court depart from its general rule (Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]; Matter of Lowell, 14 AD3d 41 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]).
Here, a two-year suspension is the appropriate sanction as it is commensurate with the discipline imposed by New Jersey and in general accord with precedent involving arguably comparable misconduct for which suspensions have ranged from several months to three years, depending on the particulars of the misconduct at issue and any aggravation and/or mitigation (see e.g. Matter of Rich, 157 AD3d 73 [1st Dept 2017]; Matter of Eagan, 142 AD3d 182 [2nd Dept 2016], lv denied 28 NY3d 948 [2016]; Matter of O'Brien, 136 AD3d 95 [1st Dept 2015]; Matter of Cohen, 89 AD3d 142 [4th Dept 2011]).
However, since respondent promptly notified New York of his New Jersey suspension and ceased the practice of law in both states as of November 6, 2020, respondent's suspension shall be retroactive to November 6, 2020 (see e.g. Matter of Kreis, 180 AD3d 5 [1st Dept 2019]; Matter of Weichsel, 154 AD3d 207 [1st Dept 2017]).
Accordingly, the AGC's motion should be granted and respondent suspended from the practice of law in the State of New York for a period of two years nunc pro tunc
to the date of the suspension by the Supreme Court of New Jersey, and until further order of this Court.
All concur.
It is Ordered that the Attorney Grievance Committee for the First Judicial Department's motion for reciprocal discipline pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13 is granted, and respondent Howard J. Burger, admitted as Howard [*4]Jon Burger, is suspended from the practice of law in the State of New York for a period of two years nunc pro tunc to November 6, 2020, the date of suspension by the Supreme Court of New Jersey, and until further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent Howard J. Burger, admitted as Howard Jon Burger, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Howard J. Burger, admitted as Howard Jon Burger, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Howard J. Burger, admitted as Howard Jon Burger, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Order filed. November 30, 2021



Footnotes

Footnote 1: The DRB noted that respondent only paid back the taxes he owed after a grievance had been filed against him in which his client disclosed the cash interest payments he had made for years to respondent.