Matter of Ni (2025 NY Slip Op 05893)

Matter of Ni

2025 NY Slip Op 05893

Decided on October 23, 2025

Appellate Division, First Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Saliann Scarpulla

Justice Presiding

Ellen Gesmer LlinÉt M. Rosado Kelly O''Neill Levy Marsha D. Michael

Justices.

Motion No. 2025-03537|Case No. 2025-02048|

[*1]In the Matter of Angus Ni an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Angus Ni (OCA Atty Reg. 5208673), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Angus Ni, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on January 23, 2014.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Gillian C. Gamberdell, of counsel), for petitioner

Tyler Maulsby, Esq., for respondent.

Per Curiam

Respondent Angus Ni was admitted to the practice of law in the State of New York by the Third Judicial Department on January 23, 2014. Respondent maintains aregistered address in the First Judicial Department.

By order dated December 19, 2024, the United States Patent and TrademarkOffice (USPTO) suspended respondent from practice before the USPTO for a period offive months for professional misconduct committed in connection with trademarkmatters.

The misconduct which formed the basis for respondent's suspension stemmed from the following undisputed facts. Shortly after beginning a solo practice, respondent was solicited by numerous foreign entities seeking U.S. counsel for trademark filings. Prior to these solicitations, respondent had not practiced in the field of trademark law. After investigating trademark prosecution, respondent determined that quality U.S. trademark applications could be produced and filed "at scale." Respondent retained a single intellectual property service provider referring partner, Shenzhen Cadmon Intellectual Property Co., Ltd. (SCIP), based in China.

Respondent, in conjunction with SCIP, developed a trademark registration application process covering intake, evidence gathering, and filing. Respondent trained SCIP's nonlawyer assistants to perform client intake and evidence gathering work, as well as document filing, using this process. Respondent's process involved SCIP personnel drafting and filing new trademark applications with the USPTO. Respondent would review some portions of the applications, often limited to approval of submitted specimens and evidence of use in commerce, but he would not review the prepared application as a whole. At times, respondent allowed applications to be filed without his review of the submitted specimen and thus, in some instances, the application was drafted, reviewed, and filed without respondent's interaction.

At the beginning of his relationship with SCIP, respondent reviewed all incoming correspondence from the USPTO and communicated with SCIP about how to respond to it. However, as respondent's practice developed and his confidence in SCIP personnel's ability to evaluate incoming correspondence grew, he ultimately ceased reviewing the majority of incoming correspondence from the USPTO. If SCIP personnel judged that a specific USPTO correspondence required respondent's attention, SCIP would escalate the correspondence to respondent for his input. Thus, respondent's manner of operation enabled SCIP personnel to report, draft, and file substantive office action responses without respondent's interaction.

Further, respondent allowed SCIP personnel to sign his name to filings made with the USPTO. Respondent admittedly did not review the available resources, which provided clear guidance that doing so was improper. When informed by the USPTO that allowing others to enter his signature was improper, respondent took action to ensure that only the named signatory entered signatures on documents filed with the USPTO. Respondent represented that he did not intend to make any misrepresentation in trademark filings when he delegated his signatory authority but had incorrectly interpreted the pertinent regulation. Respondent informed his clients of the improper signatures and the potential for adverse consequences to their trademark applications or any registration resulting therefrom.

Respondent entered a stipulation with the USPTO's Office of Enrollment and Discipline (OED) in which he admitted to having committed professional misconduct and consented to discipline. Specifically, respondent admitted that his conduct violated the USPTO Rules of Professional Conduct (37 CFR) § § 11.101; 11.103; 11.303(a)(1) and (d); 11.503(a); 11.505; 11.804(c); and 11.804(d). The parties agreed that there was the following mitigation: respondent had no prior discipline; he admitted and took responsibility for his misconduct; he cooperated with the OED's investigation; he informed the pertinent USPTO official of the improper signatures and provided an itemized list of the associated filings; and he now understands the USPTO's personal signature requirement. The parties agreed that the appropriate discipline was a five-month suspension from practice before the USPTO. A designated official on behalf of the Director of the USPTO approved the stipulation and directed that respondent be disciplined in accordance therewith.

Now, by motion dated June 25, 2025, the Attorney Grievance Committee (AGC) seeks an order, pursuant to Judiciary Law § 90 (2), and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate why discipline should not be imposed in New York for the misconduct underlying his discipline by the USPTO, and suspending him for three months, or, in the alternative, sanctioning respondent as the Court deems just and proper under the circumstances.

Respondent opposes. Respondent requests that the AGC's motion be denied because the USPTO does not qualify as a "foreign jurisdiction" under 22 NYCRR 1240.2(h), the misconduct findings underlying respondent's discipline have been overruled, and the conduct which resulted in respondent's discipline by the USPTO would not constitute misconduct in this state. Respondent also contends that he should not be further disciplined but if reciprocal discipline is warranted, it should be limited to a public censure.

As an initial matter, we find that the USPTO meets the definition of a foreign jurisdiction for purposes of imposing reciprocal discipline under 22 NYCRR 1240.2(h). We agree with the Third and Fourth Judicial Departments, which have imposed reciprocal discipline under 22 NYCRR 1240.13 based on discipline imposed by the USPTO (Matter of Swayze, 230 AD3d 906 [3d Dept 2024]; Matter of Yiheng Lou, 206 AD3d 1221 [3d Dept 2022]; Matter of Whitney, 202 AD3d 99 [4th Dept 2021]; Matter of Caraco, 197 AD3d 1391 [3d Dept 2021]).

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).

None of the enumerated defenses to reciprocal discipline are applicable here. First, respondent received notice of the allegations against him and chose to enter into a stipulation admitting the misconduct at issue and consented to the discipline imposed. Second, his admissions sufficiently support the misconduct findings underlying his discipline. Third, respondent's misconduct before the USPTO also constitutes misconduct in New York in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.1(a) ("[a] lawyer should provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation"); 1.3(a) ("[a] lawyer shall act with reasonable diligence and promptness in representing a client"); 3.3(a)(1) ("[a] lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer"); 3.3(a)(3) ("[a] lawyer shall not knowingly offer or use evidence that the lawyer knows to be false"); 5.3(b)(1) ("[a] lawyer shall be responsible for conduct of a nonlawyer associated with the lawyer that would be a violation of these Rules if engaged in by a lawyer, if the lawyer orders or directs the specific conduct or, with knowledge of the specific conduct, ratifies it"); 5.5(b) ("[a] lawyer shall not aid a nonlawyer in the unauthorized practice of law; 8.4(c) ("[a] lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation"); 8.4(d) ("[a] lawyer shall not engage in conduct that is prejudicial to the administration of justice"); and 8.4(h) ("[a] lawyer shall not engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer").

Regarding the sanction, this court generally defers to the sanction imposed by the jurisdiction in which the charges were originally brought (see Matter of Milara, 194 AD3d at 111; Matter of Tabacco, 171 AD3d 163 [1st Dept 2019]; Matter of Blumenthal, 165 AD3d 85 [1st Dept 2018]). Although this Court rarely departs from the general rule (see Matter of Karambelas, 203 AD3d 75 [1st Dept 2022]; Matter of McHallam, 160 AD3d 89 [1st Dept 2018]), this case presents such an instance where departure is appropriate.

While the USPTO imposed a five-month suspension, the three-month suspension requested by the AGC more closely aligns with precedent involving comparable misconduct (see e.g. Matter of Braverman, 178 AD3d 35 [1st Dept 2019] [three-month suspension for aiding the unauthorized practice of law in violation of rules 5.5(b) and 8.4(h)]; Matter of Bernstein, 170 AD3d 77 [1st Dept 2019] [three-month suspension for, inter alia, lack of diligence in violation of rule 1.3(a) and dishonesty in violation of rules 8.4(c) and (h)]; Matter of Weichsel, 154 AD3d 207 [1st Dept 2017] [reciprocal three-month suspension for, inter alia, failure to properly supervise nonlawyer employee]; Matter of Bartley, 151 AD3d 1 [1st Dept 2017] [three-month suspension for, inter alia, failure to provide competent representation and lack of diligence in violation of rules 1.1(a) and 1.3(a)]).

Although it is within the Court's discretion to grant respondent's request for any period of suspension to be effective nunc pro tunc to December 19, 2024, this Court generally does not impose discipline retroactively in reciprocal matters and it does not exercise that discretion here.

Accordingly, the AGC's motion should be granted, and respondent suspended from the practice of law in the State of New York for a period of three months, until further order of this Court.

All concur.

Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, is granted, and respondent, Angus Ni, is suspended from the practice of law for a period of three months, effective 30 days from the date of this order, and until further order of the Court; and

It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Angus Ni, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and

It is further Ordered that, during the period of suspension, respondent, Angus Ni, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and

It is further Ordered that if respondent, Angus Ni, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.

Entered: October 23, 2025